Barbara M. PINNOW, for herself and as parent, natural guardian, and next of friend of Elmer Hans Pinnow, Shareen Rachael Marie Pinnow, Robert Gerald Joseph Pinnow, Melbalea Thea Dora Pinnow, Cheryle Ina Pinnow, Ramona Kathleen Pinnow, Helena Marylain Pinnow, Walter Levi Pinnow, Donald Waynewright Pinnow, Sandra Kay Pinnow and Everette Wayne Pinnow, her minor children, Plaintiff,

v.

SHOSHONE TRIBAL COUNCIL, also known as Shoshone Business Council, and U. S. Secretary of the Interior, Walter J. Hickel, Defendants.

Sarah Jean Chamberlain SLATTERY, for herself and as parent, natural guardian, and next of friend of Billy Byron Slattery and Kenneth Kurt Slattery, her minor sons, Plaintiff,

v.

ARAPAHOE TRIBAL COUNCIL, also known as Arapahoe Business Council, and U. S. Secretary of the Interior, Walter J. Hickel, Defendants.

Civ. Nos. 5401, 5405.

United States District Court,
D. Wyoming.

July 22, 1970.

Barbara M. Pinnow, pro se, and Ernest Wilkerson, Casper, Wyo., for plaintiff.

Richard V. Thomas, U. S. Atty., Cheyenne, Wyo., Marvin J. Sonosky, Washington, D. C., and Teno Roncalio, Cheyenne, Wyo., for defendants Shoshone Tribal Council and others.

Sarah Jean Chamberlain Slattery, pro se, and Ernest Wilkerson, Casper, Wyo., for plaintiff.

Richard V. Thomas, U. S. Atty., Cheyenne, Wyo., Teno Roncalio, Cheyenne, Wyo., and Wilkinson, Cragun & Barker, Washington, D. C., for defendants Arapahoe Tribal Council and others.

*Judge's Memorandum*

KERR, District Judge.

Upon stipulation of counsel, the above entitled matters were consolidated for the purpose of hearing and determining the following motions:

1. Motion of defendant Shoshone Business Council for summary judgment and motion to dismiss filed on behalf of Walter J. Hickel, Secretary of the Interior, in Civil case No. 5401.

2. Motion to dismiss amended complaint filed on behalf of the Arapahoe Tribe of Indians and Arapahoe Business Council, and motion to dismiss filed on behalf of Walter J. Hickel, Secretary of the Interior, in Civil case No. 5405.

In these two cases, plaintiffs seek a review of the enrollment procedures of the Shoshone and Arapahoe Tribes of Indians. Plaintiffs complain that defendants have engaged in discriminatory, unfair and inequitable practices in direct contravention of plaintiffs' rights as set forth in 25 U.S.C. § 1302, sometimes called the Indian Civil Rights Act.

Plaintiffs seek an order in the nature of a writ of mandamus directing the Shoshone and Arapahoe Business Councils to institute and implement fair, just and legal Tribal ordinances, laws and rulings whereunder fair and impartial treatment shall be given to all Shoshone and Arapahoe Indians within the jurisdiction of defendant Councils, and under which order the defendant Secretary of the Interior shall, through his deputy, the Commissioner of Indian Affairs, assure and supervise such action on the part of defendant Councils. Jurisdiction over the Tribal Councils is predicated upon 25 U.S.C. § 345, Acts, Aug. 15, 1894, c. 290, § 1, 28 Stat. 305; Feb. 6, 1901, c. 217, § 1, 31 Stat. 760; Mar. 3, 1911, c. 231, § 291, 36 Stat. 1167.

Plaintiffs do not question the standards for enrollment in the Shoshone and Arapahoe Tribes. They do, however, challenge the application of those standards to members of the class which they represent, which members, they claim, have been denied enrollment arbitrarily and capriciously in such a manner as to amount to exogamous discrimination practiced by defendant Councils. Plaintiffs specifically attack the application of the enrollment provisions which require that application for enrollment be made within two years from date of birth and that the applicant must possess at least one-fourth degree of Shoshone or Arapahoe blood as the case may be.[1] Plaintiffs contend that their children have been arbitrarily denied enrollment by the discriminatory application of these enrollment requirements. Affidavits have been filed by the plaintiffs wherein they purport to demonstrate inconsistent application of these requirements.

Defendants, on the other hand, have moved to dismiss the actions and take the position that the Court lacks jurisdiction to hear the matters as set forth above. Defendants base their argument upon a long line of established cases wherein the Courts have consistently held a lack of jurisdiction to hear intra-tribal controversies. Defendant Secretary of the Interior contends that his role is supervisory and discretionary in the approval of Tribal ordinances and therefore this is not a proper occasion for the issuance of a writ of mandamus.

Indian Tribes have been traditionally exempt from direct suit without Congressional authorization. United States v. United States Fidelity Co., et al., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1940); Twin Cities Chippewa Tribal Council, v. The Minnesota Chippewa Tribe, et al., 370 F.2d 529 (8th Cir., 1967). Federal courts have recognized the quasi sovereignty of Indian nations in holding that they possessed sovereign exemption from suit. Iron Crow, et al. v. Oglala Sioux Tribe of Pine Ridge Reservation, et al., 231 F.2d 89 (8th Cir. 1956). Federal jurisdiction does not lie in a matter of dispute between Indians and their tribes unless jurisdiction is expressly authorized by Congress. Dicke, et al. v. Cheyenne-Arapaho Tribes, Inc., et al., 304 F.2d 113 (10th Cir., 1962). More recently the Tenth Circuit Court of Appeals has held that a Federal court has no jurisdiction over an intra-tribal controversy over tribal government. Prairie Band of Pottawatomie Tribe of Indians, et al. v. Mage N. Puckkee, et al., 321 F.2d 767 (10 Cir., 1963); Motah v. United States, 402 F.2d 1 (10 Cir., 1968). More specifically, the Tenth Circuit Court of Appeals has held that "a

---

1. Ordinance No. 8, the current enrollment ordinance adopted on June 12, 1963, by the General Council of the Shoshone Indian Tribe of the Wind River Reservation, Wyoming, continues the requirement of filing the application for enrollment within two years of birth and the requirement of one-fourth degree Shoshone blood.

The current enrollment ordinance of the Arapahoe Tribe of Indians of the Wind River Agency was adopted by the Arapahoe Tribe in Business Council meeting on January 21, 1947, through authority delegated them at General Council meeting held August 10, 1956, and became effective on June 20, 1957.

tribe has the complete authority to determine all questions of its own membership, as a political entity". Martinez v. Southern Ute Tribe of Southern Ute Reservation, et al., 249 F.2d 915 (10 Cir., 1957). In the Martinez case, supra, the plaintiff sued the Southern Ute Tribe and individual members of the governing body of that tribe. Plaintiff alleged she was a duly enrolled member of the tribe but that her privileges as a member had been wrongfully denied to her. The District Court dismissed the suit as not involving a substantial federal question. The Court of Appeals for the Tenth Circuit regarded the suit as "a private one, unique only in its background of Indian origin". In the landmark case of Gully, State Tax Collector, v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), the Supreme Court set forth some of the tests of a federal question: " * * * A genuine and present controversy, not merely a possible or conjectural one, must exist * * * and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal * * *.".

■ The cases cited above control the situation involved herein. We have here intra-tribal controversies involving Indians with their own tribes, Shoshones on the one hand, and Arapahoes on the other. The controversies involved herein are matters solely within the internal tribal governments of the Shoshone and Arapahoe Tribes. Internal matters of tribal government are not within the bounds of federal jurisdiction unless jurisdiction is expressly conferred by Congressional enactment. There is no express provision providing for federal jurisdiction in 25 U.S.C. § 1302, more commonly known as the Indian Bill of Rights. The only provision of that Act expressly providing for federal jurisdiction is § 1303, giving the privilege of the writ of habeas corpus to any person to test the legality of his detention by order of an Indian tribe. In the absence of express Congressional authority con-

ferring jurisdiction in the federal courts, this Court must refrain from assuming jurisdiction where it has none. In view of the immunity of Indian tribes from suit and the absence of a substantial federal question, this Court cannot assume jurisdiction.

Plaintiffs also allege that defendant Walter J. Hickel, as Secretary of the Interior, is the administrative officer responsible for the administration of the Bureau of Indian Affairs, with general supervisory power over the affairs of the Shoshone and Arapahoe tribes of Indians as provided for by 25 U.S.C. § 1a and § 2. In their amended complaints, plaintiffs pray for orders in the nature of a writ of mandamus under which the Secretary shall, through his deputy, the Commissioner of Indian Affairs, assure and supervise action on the part of defendant Councils.

■■ Mandamus is an extraordinary remedy awarded only in the exercise of sound judicial discretion. Prairie Band of Pottawatomie Tribe of Indians v. Stewart L. Udall, et al., 355 F.2d 364, 367 (10 Cir., 1966). In the Prairie Band case, supra, the Court stated: "Before such a writ may issue, it must appear that the claim is clear and certain and the duty of the officer involved must be ministerial, plainly defined, and preemptory. Huddleston v. Dwyer, 10 Cir., 145 F.2d 311. The duty sought to be exercised must be a positive command and so plainly prescribed as to be free from doubt. Wilbur v. United States ex rel. Kadrie, 281 U.S. 206, 50 S.Ct. 320, 74 L.Ed. 809".

■ In the cases at bar, the tribal ordinances in question were approved by the Secretary of the Interior. Approval authority in the Secretary cannot be classified as a pure ministerial function. Prairie Band of Pottawatomie Tribe of Indians v. Udall, supra. Mere approval authority is discretionary with the Secretary and involves no positive command or duty upon him to approve of tribal action. His authority to approve tribal action is not a ministerial duty owed in-

dividually to each member of the tribe. The secretary's role is supervisory and discretionary, and an order in the nature of a writ of mandamus will not lie.

In light of the record before me and in view of a long line of established authorities, I am convinced that an assumption of jurisdiction in these two cases would be erroneous. The amended complaints, together with affidavits attached fail to disclose a denial of due process under the Indian Rights Section of the Civil Rights Act. 25 U.S.C. § 1302.

From what I have said, I hold that the motion of the defendant Shoshone Business Council for summary judgment and the motion to dismiss filed on behalf of Walter J. Hickel, Secretary of the Interior, in Civil case No. 5401 should be sustained; that the motion to dismiss amended complaint filed on behalf of the Arapahoe Tribe of Indians and Arapahoe Business Council and motion to dismiss filed on behalf of Walter J. Hickel, Secretary of the Interior, in Civil case No. 5405 should likewise be sustained.

An order will be entered in each case granting the motions as set forth above.