**Ann LUXON**

v.

**ROSEBUD SIOUX TRIBE OF SOUTH DAKOTA et al.**

**Civ. No. 71–46W.**

United States District Court,
D. South Dakota, W. D.

Oct. 4, 1971.

William Janklow, Rosebud, S. D., for plaintiff.

## MEMORANDUM DECISION

BOGUE, District Judge.

It is stipulated between the parties to this action that:

The Rosebud Sioux Tribe of Indians, pursuant to authority vested in it as a chartered corporation under the Indian Reorganization Act of June 18, 1934, c. 576, 48 Stat. 984, 25 U.S.C. § 461 et seq., enacted a Constitution and By-Laws which were approved by the Department of Interior on December 20, 1935.

Article III, Section 5 of the Constitution of the Rosebud Sioux Tribe ("Section 5") was amended, effective May 2, 1966, to read in pertinent part as follows:

Any Member of the tribe at least twenty-five (25) years of age, who

has not been found guilty by the council of misconduct in tribal affairs and *is not an employee of either the Department of the Interior or of the Public Health Service shall be qualified* to seek and hold membership on the tribal council, provided that . . . a candidate for community representative must have been living in the community of his candidacy for at least one year next preceding the date of the primary election. (Emphasis added.)

The tribal council is the governing body of the Rosebud Sioux Tribe, consisting of. one representative, elected by secret ballot, from each of the twenty-one (21) recognized Rosebud Sioux Indian Communities. (Article III, Sections 1 and 2, Constitution of the Rosebud Sioux Tribe.)

An election primary for seats on the tribal council was held on August 26, 1971.

Plaintiff Ann Luxon sought election to the tribal council as a representative of the Rosebud Indian Community.

Plaintiff Ann Luxon is an enrolled adult member of the Rosebud Sioux Tribe of Indians. Plaintiff is, and for the past three (3) years has been, employed at the Public Health Service Hospital in Rosebud, South Dakota, as an X-ray technician.

Plaintiff submitted a petition for candidacy within the proper time and in compliance with all procedural requirements.

Plaintiff has obtained written approval from Kenneth Nelson, Service Unit Director of the Rosebud Public Health Service Hospital, and the Rosebud Tribal Health Board, to run for a tribal council office.

Plaintiff was officially disqualified by the Tribal Election Board in a letter dated August 19, 1971. The sole express reason stated for her disqualification as a tribal council candidate, pursuant to Tribal Ordinance 67–02, Section 2(c) (Article III, Sec. 5, of the Constitution and Bylaws of the Rosebud Sioux Tribe) was her employment at PHS. That ordinance is an exact incorporation into the Tribal ordinances of that portion of Article III, Section 5 of the Constitution of the Rosebud Sioux Tribe which disqualifies for tribal council office any employee of the Department of Interior and Public Health Service.

Plaintiff has exhausted all administrative relief. Although no specific form of review of a Tribal Election Board decision is set forth in any of the laws of the Rosebud Sioux Tribe, plaintiff sought internal administrative review of her disqualification by contacting the tribal president, defendant Webster Two Hawk. Mr. Two Hawk informed plaintiff that he, like the Tribal Election Board, had no choice but to follow the Constitutional requirement of Section 5, and there were no immediate means by which the Tribe could amend its Constitution.

Plaintiff has sought relief from the Rosebud Sioux Tribal Court, but Tribal Judge Mick Grossenburg found, in an Order dated August 23, 1971, that under Chapter 2, Section 2 of the Rosebud Sioux Tribal Code the Tribal Court has no jurisdiction over the Tribal Election Board or the Rosebud Sioux Tribe. That section of the tribal code reads in pertinent part:

(N)o action may be commenced (in tribal court) against the Rosebud Sioux Tribe, nor against a council member or officer or employee of the Tribe while carrying out a tribal function authorized by action of the Tribal Council.

Plaintiff has no recourse to the Superintendent of the Bureau of Indian Affairs or to the Secretary of the Interior, because under the Indian Reorganization Act the Secretary of the Interior could only intervene if the Tribe amended its Constitution (25 U.S.C. § 476). The Tribe has not amended its Constitution, and it is not considering doing so.

The Plaintiff meets all of the qualifications for tribal council except that she is an employee of the Public Health Service, and it was for this reason that the Election Board refused to place her name on the ballot for the election primary.

Run-off elections are to be held October 28, 1971. There are two candidates, of the five who were running as primary candidates, who are in the run-off for representative from the Rosebud Commuuity for tribal council.

The Election Board has no intention of placing plaintiff's name on the ballot.

In regard to the foregoing facts the law is abundantly clear that this court is without jurisdiction to hear the matter in dispute. There exists a long line of established cases wherein the courts have consistently held a lack of jurisdiction to hear intratribal controversies. Indian tribes have been traditionally exempt from direct suit without congressional authorization. United States v. United States Fidelity Company, et al., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1940); Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe et al., 370 F.2d 529 (8th Cir. 1967). Federal courts have recognized the quasi sovereignty of Indian Nations in holding that they possessed sovereign exemption from suit. Iron Crow et al. v. Oglala Sioux Tribe of Pine Ridge Reservation et al., 231 F.2d 89 (8th Cir. 1956). Federal jurisdiction does not lie in a matter of dispute between Indians and their tribes unless jurisdiction is expressly authorized by Congress. Dicke et al., v. Cheyanne-Arapaho Tribes, Inc., et al., 304 F.2d 113 (10th Cir. 1962), Pinnow v. Shoshone Tribal Council, D.C., 314 F.Supp. 1157 (1970). The Tenth Circuit Court of Appeals has held that a federal court has no jurisdiction over an intra-tribal controversy over tribal government. Prairie Band of Pottawatomie Tribe of Indians et al., v. Puckkee et al., 321 F.2d 767 (10th Cir. 1963); Motah v. United States, 402 F. 2d 1 (10th Cir.1968).

The cases cited above control the situation involved herein. The court has here before it an intra-tribal controversy involving an Indian with her own tribe. The controversy involved herein is a matter solely within the internal tribal government. Internal matters of tribal government are not within the bounds of federal jurisdiction unless jurisdiction is expressly conferred by congressional enactment. Plaintiff in her Memorandum in Support of Jurisdiction claims this court has jurisdiction pursuant to the Indian Civil Rights Act of 1968, Title II, 25 U.S.C. §§ 1302, 1303. However, there is no express provision providing for federal jurisdiction in 25 U.S.C. §§ 1301–1302. See, Pinnow v. Shoshone Tribal Council, D.C., 314 F.Supp. 1157–1160 (1970). The only provision of that act expressly providing for federal jurisdiction is § 1303, giving the privilege of the writ of habeas corpus to any person to test the legality of his detention by order of an Indian tribe.

The plaintiff's qualifications for elective office appear to be of the highest caliber and it is regrettable that such talent is wasted. However, the court is also sympathetic toward the independent efforts of the Indian tribe to administer the institutions of self government and it is the court's belief that Article III, Section 5 of the Rosebud Sioux Tribe Constitution, as amended, must have been established for some valid purpose and reason in light of the traditions and circumstances of the Indian people.

In the absence of express congressional authority conferring jurisdiction in the federal courts, this court must refrain from assuming jurisdiction where it has none.

The foregoing Memorandum Decision shall constitute this court's findings of fact and conclusions of law.