Ann LUXON, Appellant,

v.

ROSEBUD SIOUX TRIBE OF SOUTH DAKOTA et al., Appellees.

No. 71-1606.

United States Court of Appeals, Eighth Circuit.

Feb. 9, 1972.

Stephen L. Pevar, Rosebud, S. D., for appellant.

Peter R. Steenland, Atty., Dept. of Justice, Shiro Kashiwa, Asst. Atty. Gen., Edmund B. Clark, Jacques B. Gelin, Attys., Dept. of Justice, Washington, D. C., for appellees.

Before BRIGHT and ROSS, Circuit Judges, and WANGELIN, District Judge.

PER CURIAM.

The sole question before this Court is whether the district court correctly dismissed appellant's prayer for declaratory and injunctive relief for want of jurisdiction. We find that it did not correctly do so and remand for a determination in accordance with this opinion.

The facts, as stipulated, are that appellant, an enrolled member of the Rosebud Sioux Tribe, sought to run for election to the tribal council. She was disqualified as a candidate, however, because of her employment at the Public Health Service Hospital in Rosebud, South Dakota as an X-ray technician.

The Rosebud Sioux Tribe Constitution, Article III, Section 5, as amended, which is incorporated in the tribal ordinances, provides in pertinent part as follows: "Any member of the tribe . . . who . . . is not an employee of either the Department of the Interior or of the Public Health Service shall be qualified to seek and hold membership on the tribal council . . . ."

On this basis, and even though she met all other qualifications, appellant was refused qualification as a candidate. Thereupon, after exhausting all administrative remedies, appellant instituted this action.

■ The district court refused injunctive relief and dismissed the action on the ground that it lacked jurisdiction "to hear intratribal controversies." This certainly was true prior to the passage, in 1968, of the Indian Bill of Rights, 25 U.S.C. §§ 1302–03. *See e. g.* Prairie Band of Pottawatomie Tribe of Indians v. Puckkee, 321 F.2d 767, 770 (10th Cir. 1963). However, since the enactment of these constitutional safeguards, as part of the Civil Rights Act of 1968, that conclusion does not necessarily follow.

■ Alleging jurisdiction pursuant to 28 U.S.C. § 1343(4), appellant sought to have the district court declare the applicable provision of the Rosebud Sioux Tribe Constitution unconstitutional as being in conflict with the First and Fifth Amendments of the United States Constitution and the Indian Bill of Rights, which in pertinent part states:

" § 1302.  *Constitutional Rights*

No Indian tribe in exercising powers of self-government shall—

\*　\*　\*　\*　\*　\*

(8) deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law;   . . ."

Because there is no express provision for federal jurisdiction in the Indian Bill of Rights, except for the right to the writ of habeas corpus, 25 U.S.C. § 1303, the trial court concluded that it must refrain from assuming jurisdiction. It cited as support for this determination the decision of Pinnow v. Shoshone Tribal Council, 314 F.Supp. 1157 (D.Wyo.1970). However, the Tenth Circuit, in affirming *Pinnow* on appeal (subsequent to the district court's decision in this case) recognized that certain tribal practices may be subject to the statutory requirements of 25

U.S.C. § 1302(8). Slattery v. Arapahoe Tribal Council, 453 F.2d 278, 281 (10th Cir. 1971). The Tenth Circuit based its affirmance upon the trial court's finding that the complaints, themselves, failed to state facts which showed a denial of due process or equal protection rather than on the ground that the district court had no jurisdiction.

█ To hold there to be a lack of jurisdiction on the basis of the argument raised by the district court in this case would, in effect, destroy the efficacy of the Indian Bill of Rights. In our opinion, 28 U.S.C. § 1343(4) gives the district court jurisdiction to determine, in a proper case, whether an Indian tribe has denied to one of its members any of the rights given to the members under the Indian Bill of Rights. *See* Spotted Eagle v. Blackfeet Tribe of Blackfeet Indian Reservation, 301 F.Supp. 85, 89 (D.Mont.1969); Dodge v. Nakai, 298 F. Supp. 17, 25 (D.Ariz.1968).

█ While we determine that the district court has jurisdiction under 28 U.S.C. § 1343(4) as set forth above, we express no opinion as to whether or not the facts alleged state a proper cause of action or whether, if true, the plaintiff is entitled to judgment on the merits. These determinations should first be made by the district court. As Mr. Justice Black noted in 1946:

"Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief,

then dismissal of the case would be on the merits, not for want of jurisdiction." Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).

We, therefore, reverse and remand this case for determination in accordance with the views expressed herein.