June Karen **LARAMIE** et al.,
Plaintiffs-Appellants,

v.

Narcisse **NICHOLSON**, Jr., et al.,
Defendants-Appellees.

No. 72–1264.

United States Court of Appeals,
Ninth Circuit.

Oct. 9, 1973.

Kelly Hancock, Omak, Wash., for plaintiffs-appellants.

Robert L. Pirtle, of Ziontz, Pirtle & Morisset, Seattle, Wash., for defendants-appellees.

Before KOELSCH, DUNIWAY and WALLACE, Circuit Judges.

OPINION

DUNIWAY, Circuit Judge:

The appealing plaintiffs are children whose mother is a member of the Colville Confederated Tribe of Indians. They seek to be enrolled as members of the tribe. The trial judge dismissed their action for want of jurisdiction, relying on our decision in Fondahn v. Native Village of Tyonek, 9 Cir., 1971, 450 F.2d 520. We reverse and remand.

Although plaintiffs met all other requirements for enrollment in the tribe, they were refused enrollment by the Business Council of the tribe because they had previously been enrolled members of another tribe. Council Resolution 1967–186, Section 4 provided:

> "If the applicant is already a duly enrolled member of another recognized tribe, this will deem the applicant automatically ineligible for adoption in the Colville Confederated Tribes, regardless of whether the applicant offers to relinquish his or her rights with the other tribe."

This requirement was amended in 1969, by Resolution 1969–349, adopted after the action by the Council in the present case, to disqualify also those who had in the past been members of another tribe.

Plaintiffs allege that the Colville Business Council agreed to enroll them if the Commissioner of Indian Affairs of the Department of the Interior ruled that this was not prohibited by Resolution 1967–186. They say that the Commissioner so ruled, but that the Council still refused to take further action, even though other individuals having the same supposed disqualification were enrolled in the tribe. This is the factual basis for plaintiffs' claim of a denial of the equal protection of tribal law.

Plaintiffs claim that violation of the so-called Indian Bill of Rights, 25 U.S.C. §§ 1301–1303, enacted in 1968 (82 Stat. 77), gives rise to a civil action and that 28 U.S.C. § 1343(4) confers jurisdiction on the District Court. We agree. We have recently so held. Johnson v. Lower Elwha Tribal Community, 9 Cir., 1973, 484 F.2d 200 (1973).

In that case, the claim was that the plaintiff had been deprived of due process of law in violation of 25 U.S.C. § 1302(8). In this case, the claim is that the plaintiffs have been deprived of the equal protection of the tribal laws, in violation of the same section. We see no difference in principle that distinguishes our Johnson case from this case.

Our decision in Fondahn, supra, is not to the contrary. It is true that the case was decided in 1971, more than three years after the enactment of the Indian Bill of Rights on April 11, 1968. But it is also true that the statute was not brought to our attention, and we did not even purport to decide what its effect upon jurisdiction might be. Instead, we followed pre 1968 law, adopting and applying the reasoning of the Tenth Circuit in Martinez v. Southern Ute Tribe, 10 Cir., 1957, 249 F.2d 915. The Tenth Circuit has indicated that Martinez may no longer be good law. In Slattery v. Arapahoe Tribal Council, 10 Cir., 1971, 453 F.2d 278, 281, the Tenth Circuit, in dictum, and after citing Martinez, said:

> "It may well be that tribal enrollment practices are now subject to the statutory requirements of equal protection and due process as provided in 25 U.S.C. § 1302(8). See The Indian Bill of Rights and the Constitutional Statute of Tribal Government, 82 Harv.L.Rev. 1343 [1372–73] (1969). However, the existence of such restraint and the extent thereof need not here be decided." 453 F.2d at 281.

The case was decided on the ground that no violation of the statute was shown. We conclude that Fondahn, supra, does not control this case.

We do not consider the merits of the plaintiffs' claim; that is a matter for the district court in the first instance. We only hold that the court did have jurisdiction under 28 U.S.C. § 1343(4) and 25 U.S.C. § 1302(8).

The judgment is reversed and the case is remanded for further proceedings.