Phillip B. CLAIRMONT, Plaintiff,

v.

CONFEDERATED SALISH AND KOO-
TENAI TRIBES et al., Defendants.

No. CV 75–36–M.

United States District Court,
D. Montana,
Missoula Division.

March 10, 1976.

Christian, McCurdy, Ingraham & Wold, Polson, Mont., for plaintiff.

Wilkinson, Cragun & Barker, Washington, D. C., R. E. Murray, Jr., Asst. U. S. Atty., Butte, Mont., Otis L. Packwood, U. S. Atty., Billings, Mont., for defendants.

OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

In this action in inverse condemnation, the court has, in separate findings, determined that the defendants have taken plaintiff's private property without just compensation, in violation of 25 U.S.C. § 1302(5)[1], and has fixed the damages.

The court has jurisdiction under 28 U.S.C. § 1343(4). *Howlett v. Salish & Kootenai Tribes*, 529 F.2d 233 (9th Cir. 1976); *Luxon v. Rosebud Sioux Tribe*, 455 F.2d 698 (8th Cir. 1972); *Spotted Eagle v. Blackfeet Tribe*, 301 F.Supp. 85 (D.Mont.1969).

Defendant tribes contend that, even though the court has jurisdiction, the court should abstain until the remedies available to plaintiff in the tribal court have been exhausted. Defendants cite in support of their position the cases of *Howlett v. Salish & Kootenai Tribes, supra; McCurdy v. Steele*, 506 F.2d 653 (10th Cir. 1974); *O'Neal v. Cheyenne River Sioux Tribe*, 482 F.2d 1140 (8th Cir. 1973); *White v. Tribal Council, Red Lake Band of Chippewa Indians*, 383 F.Supp. 810 (D.Minn.1974). These cases do state the rule that federal courts should abstain in Indian civil rights cases until tribal remedies have been exhausted. These cases are basically concerned

---

1. "No Indian tribe in exercising powers of self-government shall . . . (5) take any pri-

vate property for a public use without just compensation . . . ."

with due process, and it is evident that in many cases a federal court cannot know whether due process was denied by the Indian system until the remedies within that system have been exhausted.[2]

In this case, however, this court is not called upon to measure a process. It is called upon to determine whether under the Indian Civil Rights Act there has been just compensation for a taking. A final judgment reached in the tribal structure which awarded something less than just compensation would not be binding upon a federal court.[3] Since, in any event, the plaintiff would be entitled to a determination by this court of the amount of compensation to which he was entitled, there is no reason to send him back to the tribal court only to have him back again if he is dissatisfied with the result reached by the tribal court.

The rule of abstention announced in *O'Neal v. Cheyenne River Sioux Tribe, supra,* is based on a stated purpose of allowing Indians to develop their own governmental structure. This case rests upon a statute which had the effect of vesting in the federal court the final judgment as to just compensation. Congress itself denied to the tribes the final power to decide the problem. Had Congress simply said that the tribes might not take private property without due process of law, the result would be otherwise. Since the reason for the rule announced in *O'Neal* does not apply here, the rule is not applied.

This opinion, together with the findings of fact, constitute the findings of fact and conclusions of law of the court.

**2.** The case of *O'Neal v. Cheyenne River Sioux Tribe, supra,* is of this character, and it is obvious from the order of remand that the federal court wanted to see how the Indian courts would treat the case before the federal courts intervened. If the Indian law on its face seems to deny due process, it still cannot be determined in advance how an Indian court would respond to a request that procedures be modified to afford the due process required by federal law.

**3.** It is to be noted here that the problem presented in this case is not the problem

presented when a federal court looks at a state condemnation award. In that situation, if there has been an adequate hearing and procedural safeguards, a state action will not be disturbed because the federal court believes the result reached by the state court to have been wrong. Here the court is concerned with the result and not with the method by which it was reached. *See Landowners Consideration Ass'n v. Montana Power Co.,* 300 F.Supp. 54 (D.Mont.1969), *appeal dismissed,* 439 F.2d 722 (9th Cir. 1971).