This action was commenced by plaintiff Fusfield to recover damages to his automobile resulting from a collision which occurred on the streets of Sioux Falls on April 17, 1937. Plaintiff alleged in his complaint that the collision was caused by the negligence of the defendant, Smith. The defendant answered and filed a cross-complaint alleging the negligence of respondent Larson. Defendant Smith petitioned the court to interplead the respondent Larson and alleged that Larson was guilty of negligence and that such negligence had contributed to the injury of plaintiff and that if upon the trial defendant Smith was held to be liable, then he and respondent Larson were joint tort-feasors and he had a right of contribution from Larson. Plaintiff by a motion to dismiss the order to show cause, and Larson by a special appearance, objected to the petition of defendant on the grounds that it did not allege sufficient facts upon which to base an order decreeing that Larson be made a party defendant. The court by its order denied the petition of defendant to join respondent Larson as a defendant, and the defendant has now appealed to this court from the order denying his petition.
It is the contention of appellant that he has a right to have Larson brought in as a party defendant to this action for the reason that he will have a right of contribution against Larson in case judgment is rendered in favor of the plaintiff.
[1] It is familiar law that joint tort-feasors may be sued jointly or severally. 47 C.J. § 179. Each, in other words, is responsible for the wrong and the tort-feasor who is made defendant cannot complain that another tort-feasor has not been joined as a party defendant. Whether or not appellant, as a tort-feasor, will have a right of contribution in case a judgment is rendered in favor of plaintiff, need not be determined upon this appeal. The question to be determined is whether or not Larson should have been brought into the action as a party. Section 2321, R.C. 1919, *Page 311 
relied upon by appellant as the authority for bringing in Larson as a party, is as follows: "The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in." Some jurisdictions have provided by statute that the defendant in an action may brnig in as a party defendant any person from whom he has or will have a right of contribution in case judgment is rendered for plaintiff. We have no such provision in this state.
[2] Assuming, in the absence of such specific provision, that it was within the discretion of the trial court, under Section 2321, to determine whether or not Larson should be brought in as a party, appellant has not shown that the trial court abused its discretion in refusing the application of appellant.
The order appealed from is affirmed.
All the Judges concur.