**IMPERIAL APPLIANCE CORPORATION and Thomas J. Linane, Plaintiffs,**

v.

**HAMILTON MANUFACTURING COMPANY, Defendant.**

No. 63-C-291.

United States District Court
E. D. Wisconsin.
March 19, 1965.

**176**

Paul R. Puerner, Michael, Best & Friedrich, Milwaukee, Wis., for plaintiffs.

A. F. Rankin Clark, Rankin, Nash & Spindler, Manitowoc, Wis., L. C. Noyes, Hibben, Noyes & Bicknell, Chicago, Ill., of counsel, for defendant.

GRUBB, District Judge.

This action for recovery of royalties on sales of clothes drying machines is before the court on defendant's motion to dismiss the complaint on the ground that the action is not prosecuted by the real parties in interest, and defendant's motion for summary judgment dismissing the complaint for failure to state a cause of action.

1. Motion to dismiss.

In the agreements between the parties, Imperial Appliance Corporation (hereinafter called "Imperial") is the contracting party holding a license from the patent holders and granting a sublicense to Hamilton Manufacturing Company (hereinafter called "Hamilton"). All contracts were executed on behalf of Imperial by Clarence R. Clago, its president, and Thomas J. Linane, its secretary.

In 1942, prior to execution of the final contract between the parties in 1945, Imperial, by corporate resolution, directed that royalty payments under the agreements were to be made directly to Linane. This direction was communicated to Hamilton by correspondence. Hamilton honored the direction until it discontinued payments of royalties in 1962.

This correspondence reveals that Linane was to distribute payments received by him to members of the "syndicate" which, at that time, consisted of Linane and Clago, the sole shareholders of Imperial.

Since 1942 Imperial has been and is now maintained as an inactive corporation, a mere naked corporate entity. Disruption of its corporate life ensued in 1961 when a default decree of dissolution was entered by an Illinois court. The default decree was vacated in 1963. Since 1942 Imperial has not declared any income in its federal income tax return. After the death of Clarence R. Clago, intestate, in 1948, Linane distributed the Clago share of payments of royalties according to the laws of descent of the State of Illinois. The present members of the "syndicate" who share in said payments are Linane; Charlotte Linane as trustee for the Linane daughters; Genevieve Clago, Bruce Clago, and Russell Clago, who are the widow and the two sons of Clarence R. Clago; L. F. Worth, and Leo O'Neill.

Defendant contends that these distributees are the real parties in interest and must prosecute the action.

No proof has been offered that legal title to the license is not now in Imperial, or that the corporate direction by Imperial concerning payment to Linane—which direction was honored by Hamilton for twenty years—has been rescinded. In view of these facts, Linane has the status of an agent for collection. The members of the "syndicate", who may have equitable rights in the royalty payments, are not shown to have legal rights based on the written agreements directly enforceable as against Hamilton.

The basis of the beneficial rights of these parties has not been established on this motion. If it is assumed that the members of the "syndicate" in fact enjoy beneficial rights, such rights may be enforceable as against Hamilton on a third-party beneficiary theory. See In re Bratt, 257 Wis. 447, 455, 43 N.W.2d 817 (1950). The existence of an enforceable right does not render the parties indispensable in this action. Rule 17 of the Federal Rules of Civil Procedure provides that a contracting party, Imperial in this case, may sue on the agreement without joining the parties for whose benefit the action is brought. For this reason defendant's motion to dismiss the complaint must be, and it is hereby denied.

2. Motion for summary judgment.

The dispute between the parties concerns the termination date of the license royalty payment agreement. Review of the pertinent agreements discloses that Imperial held a license for the manufacture and sale of clothes drying machines granted by the holder of the patent rights relating to said machines, and that Imperial granted a sublicense to Hamilton in respect thereto.

The agreements between Imperial and the patent holder provides for a term of the license until expiration of the last patents and improvements thereon. Hamilton's agreement to pay royalties for use of the subject matter under the sublicense from Imperial extends for a term lasting until expiration of the patents.

In granting a sublicense to Hamilton, Imperial could transfer only such rights as it held under its license from the patent holder. The terms of Imperial's license are thus binding on Hamilton and have been incorporated by reference into agreements to which Hamilton is a party.

Agreements providing one term for the grant of a license and another for the obligation to pay royalties in respect thereto present an inherent inconsistency and may be deemed ambiguous. Because of this inconsistency there remains an issue of material fact as to the intention of the parties in the execution of the agreement. For this reason, defendant's motion for summary judgment must be, and it is hereby denied.