**IMPERIAL APPLIANCE CORPORA-TION and Thomas J. Linane, Plaintiffs,**

v.

**HAMILTON MANUFACTURING COM-PANY, Defendant.**

No. 63-C-291.

United States District Court
E. D. Wisconsin,

Jan. 27, 1967.

Paul R. Puerner, of Michael, Best & Friedrich, Milwaukee, Wis., for plaintiffs.

A. F. Rankin, of Clark, Rankin, Nash & Spindler, Manitowoc, Wis., for defendant, Lowell C. Noyes and Arlie O. Boswell, Jr., of Hibben, Noyes & Bicknell, Chicago, Ill., of counsel.

OPINION AND ORDER

GRUBB, Senior District Judge.

The case is before the court on defendant's motion to dismiss for failure to join indispensable parties, submitted on briefs and the record with waiver of oral argument. For earlier determinations in this case, see Imperial Appliance Corporation v. Hamilton Manufacturing

Company, 239 F.Supp. 175 (E.D.Wis. 1965).

This is an action to recover payments of royalties under an exclusive patent sub-license contract, dated June 24, 1945, and certain underlying assignments and license agreements. The subject matter of the sub-license consists of two patents (hereinafter referred to as the "Moore patents") which relate to clothes drying machines and, according to plaintiffs' interpretation of the contract, to improvements thereon.

The contracting parties are one Stanley G. Harwood, the owner by assignment of the subject matter of the sub-license; Imperial Appliance Corporation (hereinafter called "Imperial"), a licensee under Harwood and the sub-licensor under the contract; and Hamilton Manufacturing Company (hereinafter referred to as "Hamilton"), the sub-licensee which agreed to pay specified portions of the total of royalty payments on its sales of clothes dryers manufactured under the sub-license to Harwood and to Imperial, respectively.

On expiration of the Moore patents in September 1962, Hamilton terminated its payments of royalties under the contract. Plaintiffs contend that Imperial is entitled to royalties on sales of machines manufactured and sold after that date which embody the subject matter of a later patent, No. 2,540,955, issued to Hamilton as assignee of the inventor-applicant Moore in February 1951, on an application filed in September 1945. It is claimed that this patent constitutes an improvement on the earlier Moore patents within the provisions of the sub-license agreements.

On this motion defendant contends that Harwood and certain other persons, who participate in Harwood's share of the royalties by assignment from Harwood and who are paid directly by Hamilton, are indispensable parties in this action because they share in the royalty payments and because their rights arise under the same patent monopoly grants and are derived from the same original owners. It is claimed that the rights of these absentees may be affected or destroyed by adjudication of the various issues involved in this suit.

During the pendency of the instant case, and prior to filing of this motion to dismiss some three years after commencement of the suit, newly promulgated Rule 19 of the Federal Rules of Civil Procedure, entitled "Joinder of Persons Needed For Just Adjudication," became effective on July 1, 1966. Subdivision (a) of new Rule 19 sets forth criteria for determining whether or not persons were to be joined in an action, if feasible, as follows:

" * * * A person * * * shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. * * * * "

Subdivision (b) of new Rule 19 provides standards to guide the determination whether or not to proceed with the action in the absence of a person within subdivision (a) whose joinder is not feasible, as follows:

" * * * The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder."

The criteria for joinder of interested parties and for the determina-

tion of indispensability in the event circumstances render it inadvisable or unjust to proceed with the action in the person's absence posed in new Rule 19 are not inconsistent with a substantial body of decisions under the old Rule or the indispensable party doctrine of the earlier equity practice. Compare, for example, the four-faceted test for dismissal set forth in State of Washington v. United States, 87 F.2d 421 (9th Cir. 1936), followed in Johnson v. Middleton, 175 F.2d 535 (7th Cir. 1949), and Boris v. Moore, 152 F.Supp. 602 (E.D.Wis.1957). And see Channel Master Corporation v. JFD Electronics Corporation, 260 F.Supp. 568, 572, 573 (E.D.N.Y.1966). The paramount considerations for dismissal or continuance are prejudice to the interests of the absentee and to those of the parties to the suit.

■ The determination whether or not the action is to proceed among the parties before the court rests on pragmatic considerations. Roos v. Texas Co., 23 F.2d 171 (2nd Cir. 1927), cert. denied 277 U.S. 587, 48 S.Ct. 434, 72 L.Ed. 1001. See also, Provident Tradesmens Bank and Trust Company v. Lumbermens Mutual Casualty Company, 365 F.2d 802 (3rd Cir. 1966), decided under old Rule 19, where the court, emphasizing that indispensability poses a substantive rather than procedural issue, applied standards of earlier decisions not unlike those of new Rule 19.

The instant action is brought for breach of contract. The pleadings and order on pretrial disclose two controlling issues as to liability: one, the interpretation of the contract of sub-license, and two, whether or not the machines manufactured and sold by defendant after September 1962 fall within the terms of the contract because they embody subject matter constituting an improvement on the original Moore patents. No issue as to the validity or infringement of the purported improvement patent is raised although there may be a question of its ownership. Hamilton appears as the record owner by assignment from Moore. Under the contract, as construed by plaintiffs, Harwood would be the owner and Imperial his licensee, should the patent be found to constitute an improvement.

The allegedly indispensable parties fall into two categories: one, Stanley G. Harwood, who is the owner of the expired Moore patents and the potential owner of any patents embodying improvements thereon. Harwood also is the licensor of this subject matter as between himself and Imperial, as well as a party to the contract of exclusive sub-license from Imperial to Hamilton under which he is entitled to a designated share of the royalty payments. The other category consists of certain persons who have been paid a share of Harwood's portion of the royalties under the contract by virtue of assignments from Harwood. These persons are bound by the provisions of the contract in issue and the benefit of its terms inures to them. As assignees of Harwood, these persons would have no greater interest in this litigation than that of their assignor. Any determination as to the indispensability of Harwood governs the determination of the necessity of their joinder.

Harwood, as potential owner of the improvement patent; as a party to the contract; and as a recipient of a share of the royalties, has a material interest in this litigation. His rights, as do those of plaintiffs, originate in a grant of patent monopoly and arise under the contract of sub-license. However, Harwood's interest in this litigation is distinct and severable from that of the plaintiffs because the terms of the contract provide for the payment of a specified portion of the total royalties to him and for another stated share to Imperial. Additionally, Harwood is entitled to royalty payments on sales of machines in foreign markets in which Imperial does not share. Unlike the situation before the court in Boris v. Moore, supra, in the instant case there are no conflicting claims to a single fund. Nor are plaintiffs' interests adverse to those of Harwood as was the case in Provident Tradesmens Bank and Trust Company

v. Lumbermens Mutual Casualty Company, supra.

An analogous situation was presented in Curtis v. American Book Company, 17 F.R.D. 504 (S.D.N.Y.1955), an action by one of two co-authors for construction of a royalty contract which provided for division of payments in fixed proportion. The absent co-author was deemed to be a conditionally necessary, but not an indispensable party.

■ Harwood's potential ownership of any patents constituting improvements on the expired Moore patents consists of bare legal title he holds by assignment, with the right to manufacture, distribute and sell, as well as the obligation to sue to protect the patent outstanding in the licensee, Hamilton, who presently appears as legal title holder of the patent in issue. Under these circumstances Harwood's interest in the patent is insufficient to require his presence in this litigation for payment of royalties. Cf. Technical Tape Corporation v. Minnesota Mining and Manufacturing Company, 135 F.Supp. 505, 508 (S.D.N.Y.1955); A. L. Smith Iron Co. v. Dickson, 141 F.2d 3 (2nd Cir. 1944). And compare, Channel Master Corporation v. JFD Electronics Corporation, supra.

An additional criterion for determining the necessity of joining an absent person is that stated in Rule 19(a) (2) (ii), that is, whether or not a party to the suit may be subjected to the risk of multiple litigation. Since any judgment entered in this case would not be res adjudicata to the claims of any absent parties, defendant Hamilton might again, at the instance of Harwood or of persons claiming under him who have been paid directly by Hamilton, be required to litigate the questions here presented by plaintiffs. For this reason Harwood and the other absentees may be deemed persons to be joined if feasible under Rule 19(a).

Assuming that joinder of the absentee is not feasible—the parties appear to concede this on this motion—it remains to determine whether or not the action may proceed in his absence in light of the considerations stated in Rule 19(b). As noted above, a judgment rendered in Harwood's absence would not prejudice his rights under the contract, but may be prejudicial to defendant Hamilton in exposing it to the risk of double litigation which could not be prevented by protective provision of the judgment. Further, a judgment rendered in Harwood's absence would afford plaintiffs adequate relief and would fully determine Hamilton's liability to them.

As to the final consideration under Subdivision (b) of new Rule 19, it is not disputed that plaintiffs do not have an alternative forum in which all interested parties can be joined in the action. Where the determination rested on balancing the loss of plaintiff's right to litigate its claim against a defendant's possible exposure to further suit, the courts have deemed it just and equitable to allow the action to continue in the absence of parties having a material interest therein. See, Blizzard v. Penley, 186 F.Supp. 746, 752 (D.Colo.1960) and Rippey v. Denver United States National Bank, 260 F.Supp. 704 (D.Colo.1966), decided under new Rule 19, where the court retained the case because of possible prejudice resulting from litigating the case in the available state forum. And compare, Curtis v. American Book Company, supra, where the court contemplated dismissal of the suit on joinder of the conditionally necessary party, plaintiff having another adequate forum in which all parties might be joined.

Practical consideration of the rights and interests of the present parties to the suit and of those of the absentees in light of the criteria of Rule 19 leads to the conclusion that the case should proceed in this forum even though the absentees cannot be brought into the action.

In view of the interest of the absentees in the litigation the court is of the opinion that they should be invited to join in the action. Accordingly, defendant is hereby directed to serve notice of

the pendency of this suit on the persons it claims should be joined, inviting them to join herein, within forty (40) days from the date of this order.

The motion to dismiss the action is hereby denied.