Sharon GOURNEAU, Plaintiff and Appellant,

v.

Vincent SMITH, Defendant and Respondent.

Civ. No. 8842.

Supreme Court of North Dakota.

April 12, 1973.

Lanier, Knox & Olson, Fargo, for plaintiff and appellant.

Helgi Johanneson, Atty. Gen., and Vance K. Hill, Sp. Asst. Atty. Gen., Bismarck, for defendant and respondent and the Unsatisfied Judgment Fund of the State of North Dakota.

STRUTZ, Chief Justice.

The plaintiff appeals from a judgment entered in the district court dismissing her complaint on the ground that the court lacked jurisdiction to hear the matter. She had started the action for personal injuries which she claims to have suffered as a result of an automobile accident occurring on a State highway on the Turtle Mountain Indian Reservation on November 15, 1970. Both the plaintiff and the defendant are enrolled members of that reservation.

The defendant failed to answer the complaint as required by law and the North Dakota Rules of Civil Procedure. Upon his default, service of process was made on the Unsatisfied Judgment Fund by the plaintiff. The Fund appeared in the case and assumed the defense thereof. On motion by the attorney for the Fund, the trial court dismissed the plaintiff's complaint on the ground that the court lacked jurisdiction. The plaintiff thereupon appealed from the judgment dismissing her complaint.

The only issue for us to determine on this appeal is whether the State courts have jurisdiction of an action brought by one Indian against another Indian for injuries resulting from an automobile accident which takes place on a State highway within the limits of an Indian reservation. Our attention has been called to the case of Vermillion v. Spotted Elk, 85 N.W.2d 432, decided by this court in 1957. That was an action between two Indians arising out of an automobile accident in which the facts were almost identical to those in the case at bar. In that case, the court held that Indians are citizens of the United States and residents of the State, and that courts of the State, under Article I, Section 22, of the North Dakota Constitution, are open to them for prosecution of civil actions where such actions do not involve title to lands.

■ We conclude that *Vermillion* no longer states the rule to be applied in determining whether State courts have jurisdiction in a case between Indians arising out of use of the public highways on an Indian reservation. There can be no doubt that State highways within the boundaries of a reservation are a part of the reservation. "Indian country" is defined by Federal law as being all land within the limits of an Indian reservation under jurisdiction of the United States Government, "including rights-of-way running through the reservation, . . . " 18 U.S.C.A. Sec. 1151.

We would further point out that, subsequent to *Vermillion,* this court held that Chapter 27–19 of the North Dakota Century Code, enacted in 1963 in accordance with Public Law 280 of the Eighty-third Congress, Chapter 505 of the United States Statutes at Large, Volume 67, and in accordance with the 1958 amendment of Section 203 of the North Dakota Constitution, provided for methods of acceptance of jurisdiction of State courts by Indians. That chapter provided for such acceptance of jurisdiction over civil causes of action arising on an Indian reservation and for withdrawal of such jurisdiction, at the discretion of the adult enrolled residents of the reservation, if such discretion was exercised by the Indians as provided by law. In re Whiteshield, 124 N.W.2d 694 (N.D. 1963). We further held in *Whiteshield* that the 1963 statute operated as a complete disclaimer of State jurisdiction over civil causes arising on an Indian reservation, in the absence of acceptance of jurisdiction by the Indians. Section 27–19–01, North Dakota Century Code, specifically provides that jurisdiction of the State shall be extended over all civil causes of action which arise on an Indian reservation "upon acceptance by Indian citizens in a manner provided by this chapter."

Chapter 27–19, North Dakota Century Code, which deals with Indian civil jurisdiction, was enacted under the authority granted to the States by the United States.

Pub.L. No. 83–280 (Aug. 15, 1953). Indian jurisdiction was further dealt with by the enactment by the Congress on April 11, 1968, of Public Law 90–284, Section 402. That law provides, in part:

"Sec. 402. (a) The consent of the United States is hereby given to any State not having jurisdiction over civil causes of action between Indians or to which Indians are parties which arise in the areas of Indian country situated within such State to assume, with the consent of the tribe occupying the particular Indian country or part thereof which would be affected by such assumption, such measure of jurisdiction over any or all such civil causes of action arising within such Indian country or any part thereof as may be determined by such State to the same extent that such State has jurisdiction over other civil causes of action, and those civil laws of such State that are of general application to private persons or private property shall have the same force and effect within such Indian country or part thereof as they have elsewhere within that State."

It will be observed that a means or method is provided whereby the State may assume jurisdiction in civil suits involving Indians, which arise on an Indian reservation. But before the State may assume jurisdiction, the Indians on the reservation must act to give such jurisdiction to the State. In the matter now before this Court, it is conceded that the Indians on the Turtle Mountain Reservation, where the accident occurred, have not so acted. The Act of the Congress above quoted gives authority to any State not having jurisdiction over civil causes of action between Indians, or to which Indians are parties, which arise in the areas of Indian country situated within such State, to assume, with the consent of the tribe occupying the particular Indian country or part thereof which would be affected by such assumption, such measure of jurisdiction over any or all civil causes of action aris-

ing within the Indian country or any part thereof as may be determined by such State to the same extent that such State has jurisdiction over other civil causes of action, and those civil laws of such State that are of general application to private persons or private property shall have the same force and effect within such Indian country as elsewhere within the State. See Kennerly v. District Court of Ninth J. D. of Montana, 400 U.S. 423, 91 S.Ct. 480, 27 L.Ed.2d 507 (1971).

Until the Indians on the reservation act to consent to State jurisdiction, such jurisdiction may not be assumed by the courts of the State of any cause of action arising within the boundaries of the Indian reservation involving Indians.

The plaintiff finally asserts that she is being denied her constitutional rights under Sections 20 and 22 of the North Dakota Constitution. Let us consider this contention and determine if it has any merit.

 Section 20 of the North Dakota Constitution provides, in part, that no citizen or class of citizens shall be granted privileges which, upon the same terms, are not granted to all citizens. Section 22 of the Constitution provides that all courts shall be open, and every man for any injury done to him in his property and person shall have remedy by due process. We do not believe that the plaintiff's contention that she is being denied due process has any merit. The plaintiff has the same privileges as any other citizen in maintaining suits in the courts of this State. If the plaintiff were not an Indian and she attempted to bring an action against a defendant who was an enrolled Indian for personal injuries which she alleged had been suffered in an accident occurring on the Indian reservation, the State courts nevertheless would be without jurisdiction. Williams v. Lee, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959). Thus the plaintiff is not denied her right to bring such action in the State courts because she is an Indian; she is denied that right because the alleged tort was committed by an Indian on an Indian reservation, and because the Indians on that reservation have not accepted State jurisdiction in the manner provided for such acceptance. Neither is denial of access to State courts for certain claims an infringement of the plaintiff's constitutional rights under Section 22 of the North Dakota Constitution. The courts of this State are not at liberty to exercise jurisdiction over civil actions against an Indian where the cause of action arises on the reservation. Williams v. Lee, *supra*. Only the Congress can take from the Indians their jurisdiction over their own reservation. That has not been done, except that the Congress has authorized the State courts to acquire jurisdiction over civil causes of action arising in Indian country with the consent of the tribe, but in this case the Indians on the Turtle Mountain Reservation have not accepted State jurisdiction in either manner provided under our implementing statute, Section 27-19-02 of the North Dakota Century Code.

The courts of the State of North Dakota are open to all persons. But, as pointed out, Federal law prohibits State courts from assuming jurisdiction of civil actions involving Indians which arise on an Indian reservation, until such time as the Indians of that reservation have consented to such jurisdiction. Thus the courts of the State of North Dakota are open to Indians, if they consent to the courts' jurisdiction as provided by law.

For reasons set forth in this opinion, we conclude that the district court had no jurisdiction over the defendant nor of the subject-matter of the action. The judgment of the district court therefore must be affirmed.

KNUDSON, PAULSON, ERICKSTAD and TEIGEN, JJ., concur.