Mary **POITRA**, as mother and surviving parent of Richard A. Primeau, Plaintiff,

v.

Donald **DEMARRIAS**, Defendant.

Civ. No. 1167.

United States District Court, D. North Dakota, Southwestern Division.

Oct. 27, 1973.

William A. Strutz, Fleck, Mather, Strutz & Mayer, Bismarck, N. D., for plaintiff.

John M. Olson, Sp. Asst. Atty. Gen., Bismarck, N. D., for Unsatisfied Judgment Fund.

## MEMORANDUM AND ORDER

VAN SICKLE, District Judge.

In this action, brought under the provisions of Chapter 32–21, NDCC (Death by Wrongful Act), plaintiff seeks to recover damages occasioned by the death of her son.

Jurisdiction is predicated on diversity of citizenship, it being alleged that the plaintiff is a citizen of North Dakota, the defendant is a citizen of South Dakota, and the amount in controversy exceeds the sum of $10,000.00. It is uncontroverted that both parties are enrolled Indians residing on the Standing Rock Sioux Indian Reservation and that the accident giving rise to the alleged cause of action occurred within the exterior boundaries of that Reservation, near Selfridge, North Dakota.

The action was commenced by filing the complaint on June 15, 1972. Service was made upon the North Dakota State Highway Commissioner on June 16, 1972, in accordance with applicable North Dakota law. However, no responsive pleading was made, and on August 22, 1973, plaintiff filed its notice of application for default judgment. The defendant, acting by and through his attorney, John M. Olson, Special Assistant Attorney General for the North Dakota Unsatisfied Judgment Fund, responded on September 11, 1973, by filing a motion to dismiss the action for reason that this Court lacks subject matter jurisdiction. Plaintiff filed a brief in opposition to the motion to dismiss and requested oral argument. The matter was heard on October 3, 1973, and is now ready for determination.

The defendant concedes that the jurisdictional facts pleaded satisfy the diversity of citizenship requisites of 28 U.S.C.A. § 1332. However, in this particular case we have a situation where the plaintiff, a citizen of North Dakota, is an enrolled Indian residing in Fort Yates, within the confines of the Standing Rock Sioux Indian Reservation; the defendant, a citizen of South Dakota, is an enrolled Indian residing in Little Eagle, within the boundaries of the same Reservation; and the accident giving rise to the alleged cause of action occurred near Selfridge, North Dakota, also within the boundaries of the Standing Rock Reservation.

In a diversity action, this Court sits as another North Dakota Court; we cannot entertain any action not maintainable in a North Dakota Court. Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Also see: Wright, Federal Courts, Sec. 46, p. 152.

In Guaranty Trust Co. of N. Y. v. York, 326 U.S. 99, 108–109, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079, the Supreme Court said:

"* * * But since a federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State, it cannot afford recovery if the right to recover is made unavailable by the State * * *."

In this case a Federal Court, by reason of diversity of citizenship and amount in controversy, is asked to adjudicate a right created by the State. The plaintiff's exercise of that right is subject to the laws of North Dakota as interpreted by the Courts of North Dakota.

By its decision in Gourneau v. Smith, 207 N.W.2d 256, the North Dakota Supreme Court conclusively and effectively closed the State Courthouse door to the plaintiff in this case. In *Gourneau,* the Court held that:

"The courts of this State are not at liberty to exercise jurisdiction over civil actions against an Indian where the cause of action arises on the reservation." (207 N.W.2d 259)

The reasoning behind this holding was that, since existing procedures were available whereby Indians could consent to State Court jurisdiction, and such consent had not been given, federal law precluded State Court jurisdiction.

It having been decided by the Supreme Court of North Dakota that the

right asserted by the Plaintiff in this case is not maintainable in a State Court, and this Federal Court being bound by the principles enunciated above, I find we are without subject matter jurisdiction.

Now, therefore, the Court having considered the pending motion to dismiss, together with briefs and oral argument, and being fully advised in all the premises;

It is ordered, that said motion to dismiss be, and the same is, in all things, *granted,* and the within action and complaint are hereby dismissed.

Dated at Minot, North Dakota, this 25th day of October, 1973.