**James SCHANTZ, Plaintiff,**

v.

**Ada WHITE LIGHTNING and LeRoy White Lightning, Defendants.**

**Jack F. SCHAFF, Plaintiff,**

v.

**Ada WHITE LIGHTNING and LeRoy White Lightning, Defendants.**

**Civ. Nos. 1229, 1230.**

United States District Court,
D. North Dakota,
Southwestern Division.

Oct. 29, 1978.

Malcolm H. Brown, of Vogel, Bair & Brown, Mandan, N. D., for plaintiffs.

John M. Olson, Special Asst. Atty. Gen., Bismarck, N. D., for Unsatisfied Judgment Fund.

## ORDER

VAN SICKLE, District Judge.

Pending in the captioned actions are Defendants' motions to dismiss for lack of subject matter jurisdiction.

Briefs have been filed and arguments have been heard.

Plaintiffs are James Schantz, driver of, and Jack F. Schaff, passenger in a pickup truck. They are non-Indians, citizens of North Dakota, who reside within North Dakota outside any Indian Reservation.

Defendant Ada White Lightning is an enrolled member of the Three Affiliated Tribes. Defendant LeRoy White Lightning is an enrolled member of the Standing Rock Sioux Tribe. Both reside on the Standing Rock Indian Reservation [Sioux], in the North Dakota portion of the Reservation.

Plaintiffs and Defendants had an automobile accident within the boundaries of the Standing Rock Reservation on State Highway 1806, near the Morton-Sioux County Line.

Plaintiffs first commenced their actions in Morton County District Court and the presiding Judge, The Honorable C. F. Kelsch, dismissed for lack of jurisdiction.

North Dakota, in 1963, by Chapter 27–19 NDCC, attempted to provide for consent jurisdiction on an individual or tribal basis, in conformance with Public Law 280 of the 83rd Congress. But, in 1968, Congress enacted Public Law 90–284, Title 25 U.S.C. § 1322, which provided for tribal consent to state jurisdic-

tion. No such tribal consent has been forthcoming. So the State Courts do not have jurisdiction.

The Tribal Court of the Standing Rock Sioux Tribe, according to its Constitution, has jurisdiction only:

"[2] Over all civil proceedings brought by a non Indian, resident or doing business on the Reservation for at least one year prior to the institution of the proceedings.

And [3] Where the amount in controversy does not exceed $300.00."

The injuries claimed are substantial but Section 39–17–03, NDCC, pertaining to recovery from the Unsatisfied Judgment Fund, allows recovery from that fund only for amounts "exceeding $300.00". Assuming the defendants to be judgment proof, either because of their protected Indian status or their financial condition, obviously the Tribal Court offers no relief.

Plaintiff thus seeks to sue in the United States District Court on the broad equitable principle that where there is a wrong there is a remedy, and relating the claim to the jurisdictional statute, 28 U.S.C. § 1331. From a simple application of the language of 28 U.S.C. § 1331, I feel that the requirement of a "claim arising under the Constitution, law or treaties of the United States" has not been met. Wright's discussion of a federal question [Wright Law of Federal Courts, 2d Ed., Chapter 3, § 17], points up both that the statute, to be usable, must have a common sense application, citing Judge Cardozo, and that a workable rule is to require a substantial claim founded directly upon Federal law, citing Professor Mishkin.

This substantial claim turns on the rules of the road applicable to a North Dakota State Highway. I find no Federal question.

To the claim that there must be some court somewhere, I can only say that this Court is one of limited jurisdiction; and Congress has not seen fit to offer it as a federal forum for this situation.

It is ordered, That said motions to dismiss be, and the same hereby are, in all things, *granted,* and the captioned actions and complaints are hereby *dismissed.*

Dated at Minot, North Dakota, this 29th day of October, 1973.