**ROLETTE COUNTY, a political subdivision of the State of North Dakota, Acting for and on Behalf of the ROLETTE COUNTY WELFARE BOARD, Petitioner and Appellant,**

v.

**Mohammed M. K. ELTOBGI, Respondent and Appellee.**

Civ. No. 9005.

Supreme Court of North Dakota.

Aug. 27, 1974.

John B. Hart, State's Atty., Rolette County, Rolla, for petitioner and appellant.

Thomas L. Smithson and Thomas W. Fredericks, Native American Rights Fund, Boulder, Colo., and Julian H. Brown, Pierre, S. D., for Devils Lake Sioux Tribe, amicus curiae.

VOGEL, Judge.

This action raises the question whether Federal or State law relating to Indians prohibits the courts of this State from proceeding under the revised Uniform Reciprocal Enforcement of Support Act, Chapter 14–12.1, N.D.C.C., to request another State to enforce the duty of a non-Indian husband and father, not resident in this State, to support his Indian wife and child who live within this State upon an Indian reservation.

Mohammed M. K. Eltobgi, of Egyptian nationality, married Geraldine Grant, an enrolled Indian residing on the Turtle

Mountain Indian Reservation in North Dakota, and they are the parents of Mohammed Eltobgi, Jr. The parents separated, and the father resides and is employed in Chicago, Illinois, and the mother and son returned to the reservation, where they lived until shortly before the hearing in the district court on the County's petition to initiate the statutory provisions for reciprocal enforcement of support to reimburse the County for welfare payments made to the mother and son.

Mohammed M. K. Eltobgi was named as the respondent in the proceeding. Geraldine Eltobgi was not named as a party.

The trial judge, of his own volition, held that he had no jurisdiction over the proceeding. His reasons were that the mother and child reside within the boundaries of the reservation; that they have not individually accepted State jurisdiction over themselves, pursuant to Chapter 27–19, N. D.C.C.; that this action was commenced by non-Indian county officials attempting to compel acceptance of State jurisdiction by an Indian residing on an Indian reservation; that the County, under the specific language of Section 14–12.1–08, N.D.C.C., has only the same right as that possessed by Geraldine Eltobgi to reciprocal enforcement of support; and "that because this cause of action arose at least in part on the Turtle Mountain Indian Reservation and involves an Indian, Geraldine Grant Eltobgi, residing on that reservation, and because there has not been an acceptance of State jurisdiction by the reservation or by the individual Indian involved and concerned, this Court lacks requisite jurisdiction . . ."

■■■ We accept as facts that the mother and child reside on the reservation, although temporarily absent, and that they have not accepted jurisdiction over themselves by the State. In fact, they could not individually accept general jurisdiction under current law. The passage of Public Law 90–284, Section 406 (25 U.S.C. § 1326), probably makes our statute, Section 27–19–05, N.D.C.C., ineffective for the purpose of allowing individual general acceptance of jurisdiction. We also take judicial notice that the State of North Dakota has not agreed to State jurisdiction over the reservation. See Gourneau v. Smith, 207 N.W.2d 256 (N.D.1973). The Tribe, acting alone, cannot accept State jurisdiction. Kennerly v. District Court of Montana, 400 U.S. 423, 91 S.Ct. 480, 27 L.Ed.2d 507 (1971).

Section 14–12.1–08, N.D.C.C., reads as follows:

"If a state or a political subdivision furnishes support to an individual obligee it has the same right to initiate a proceeding under this chapter as the individual obligee for the purpose of securing reimbursement for support furnished and of obtaining continuing support."

■■■ We note at the start that the named parties, Rolette County and Mohammed M. K. Eltobgi, are non-Indian. We note further that the jurisdiction over the person of the respondent is to be obtained (so far as his being ordered to make support payments or reimbursement to the County is concerned) under the laws of Illinois, or whatever other State in which he may be found, and not the laws of North Dakota. [See Sections 14–12.1–07 and 14–12.1–18, N.D.C.C.; Uniform Reciprocal Enforcement of Support Act, Sections 7 and 18(b).] The amount of support which the respondent may be required to pay likewise is to be determined according to the law of any State in which he was present. Section 14–12.1–07, N.D.C.C.

Under these circumstances, we hold that the laws as to jurisdiction over Indians are not relevant to this proceeding, which is a proceeding involving a non-Indian petitioner and a non-Indian respondent, the rights and duties of whom are to be determined according to foreign law.

The facts that an Indian wife and child are involved, and that they reside upon an Indian reservation, do not alter this conclusion. They are not parties to the proceeding.

648

Even if we were to hold, contrary to the express language of Section 14–12.1–08, quoted above, and Subdivision 6 of Section 14–12.1–02 (defining "obligee" as including a political subdivision), that the right of the County to sue is derivative from the right of Geraldine Eltobgi to sue, the result would be the same. Indians have the right to sue non-Indians in State courts. Felix v. Patrick, 145 U.S. 317, 12 S.Ct. 862, 36 L.Ed. 719 (1892); Department of the Interior, Federal Indian Law, 1958, p. 541; Paiz v. Hughes, 76 N.Mex. 562, 417 P.2d 51 (1966); McClanahan v. State Tax Commission of Arizona, 411 U. S. 164, 93 S.Ct. 1257, 36 L.Ed.2d 129 (1973).

Restrictions on the authority of State courts on Indian reservations are not total.

"Essentially, absent governing Acts of Congress, the question has always been whether the state action infringed on the right of reservation Indians to make their own laws and be ruled by them." Williams v. Lee, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959).

See also Kennerly v. District Court of Montana, *supra*.

We can imagine no way in which the reciprocal enforcement in Illinois or in any other State of the duty of a non-Indian to support his Indian wife and child on an Indian reservation in this State can infringe on the right of reservation Indians to make their own laws and be ruled by them. In fact, we are assured by the attorneys for the Devils Lake Sioux Tribe of the Fort Totten Indian Reservation (appearing as amicus curiae herein) that no such infringement can occur.

Reversed and remanded for further proceedings consistent with this opinion.

ERICKSTAD, C. J., and KNUDSON, PAULSON and JOHNSON, JJ., concur.