**James SCHANTZ, Appellant,**

v.

**Ada WHITE LIGHTNING and Leroy White Lightning, Appellees.**

**Jack F. SCHAFF, Appellant,**

v.

**Ada WHITE LIGHTNING and Leroy White Lightning, Appellees.**

**Nos. 74–1026, 74–1027.**

United States Court of Appeals, Eighth Circuit.

Submitted April 19, 1974.

Decided Aug. 28, 1974.

Malcolm H. Brown, Mandan, N. D., for appellants.

John M. Olson, Special Asst. Atty. Gen., Bismarck, N. D., for appellees.

Before HEANEY and STEPHENSON, Circuit Judges, and TALBOT SMITH, * Senior District Judge.

STEPHENSON, Circuit Judge.

The sole issue before us is whether pursuant to 28 U.S.C. § 1331(a) (1970) a federal court has subject-matter jurisdiction of a tort action arising on an Indian reservation involving non-Indian plaintiffs and an Indian defendant. The United States District Court for the District of North Dakota dismissed plaintiff-appellant's complaint for want of a federal question. Schantz v. White Lightning, 368 F.Supp. 1070 (D.N.D. 1973). We affirm.

On February 11, 1973, the parties were involved in a motor vehicle collision within the exterior boundaries of the Standing Rock Indian Reservation. Appellee, Ada White Lightning, is an enrolled member of the Three Affiliated Tribes located in the State of North Dakota, and appellee, Leroy White Lightning, is an enrolled member of the Standing Rock Sioux Indian Tribe, also located in North Dakota. ·Appellees were both residents of the North Dakota portion of the Standing Rock Indian Reservation at the time of the accident. Appellants are non-Indian residents of North Dakota, residing outside the boundaries of the reservation.

Appellants originally commenced actions in North Dakota State Court, which actions were dismissed for lack of subject-matter jurisdiction. 25 U.S.C. § 1322(a) (1970); see Gourneau v. Smith, 207 N.W.2d 256 (N.D.1973). Appellees refused to sign individual consents to jurisdiction pursuant to North Dakota Century Code § 27–19–05 (1974), and the Standing Rock Sioux Tribe has not consented to state jurisdiction as required by § 1322(a). Appellants subsequently filed this action in federal district court alleging the following jurisdictional allegation:

This Court has jurisdiction by reason of the fact that the plaintiff is a citizen and resident of the State of North Dakota; the defendants are members of an Indian Tribe residing

* The Honorable Talbot Smith, United States Senior District Judge, Eastern District of Michigan, sitting by designaton.

within the boundaries of an Indian Reservation within the State of North Dakota; the accident complained of occurred within the boundaries of the Standing Rock Indian Reservation, Sioux County, North Dakota; a law of Congress, 25 U.S.C. § 1322, Pub.L. 90–284, 82 Stat. 79, deprives the courts of the State of North Dakota of jurisdiction; and the amount in controversy exceeds Ten Thousand and No/100 ($10,000.00) Dollars, exclusive of interest and costs.

Appellees made no appearance within the time to answer in either the state or federal action. Thereafter, the Attorney General for the State of North Dakota, representing the North Dakota Unsatisfied Judgment Fund, moved on behalf of appellees for dismissal of the action.[1] Judgment of dismissal was ordered in the federal action on October 29, 1973. We affirm the district court's order of dismissal since the complaint fails to establish any basis for federal jurisdiction. Koll v. Wayzata State Bank, 397 F.2d 124, 127 (8th Cir. 1968).

We stated in Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe, 370 F.2d 529, 532 (8th Cir. 1967), that before a federal district court can exercise jurisdiction under 28 U.S.C. § 1331(a), "the issue to be considered must present a 'federal question' —must arise under the Constitution, laws, or treaties of the United States. Before jurisdiction exists, a right or immunity created by the Constitution or laws of the United States must be an essential element of plaintiff's cause of action." Gully v. First Nat'l Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Stanturf v. Sipes, 335 F.2d 224 (8th Cir. 1964); see Oneida Indian Na-

tion of New York State v. County of Oneida, New York, 464 F.2d 916, 920 (2d Cir. 1972); C. Wright, Law of Federal Courts § 17 (2d ed. 1970); *see also*, Springfield Television, Inc. v. City of Springfield, Mo., 428 F.2d 1375, 1378–1379 (8th Cir. 1970). "A mere 'suggestion' of a federal question is not sufficient." Koll v. Wayzata State Bank, 397 F.2d 124, 127 (8th Cir. 1968). The only action to be litigated under the facts of the case before us are those which may arise under the state law of North Dakota. Accordingly, the District Court has no jurisdiction under § 1331(a) to entertain this lawsuit.

Appellants claim, however, that if jurisdiction in this cause is not assumed by the federal district court, appellants are without a court in which to litigate their claim. Our attention is drawn to The Code of Justice of the Standing Rock Sioux Tribe, § 1.2(c) (July 1973), which states that:

> The Court shall have jurisdiction * * * (2) over all civil proceedings brought by a non-Indian, resident or doing business on the Reservation for at least one year prior to the institution of the proceeding, against an Indian within the jurisdiction of the Court, where the amount of value in controversy, including interest, does not exceed three hundred dollars ($300.00).

Appellants are neither residents of the Standing Rock Reservation; nor have they engaged in any business on the reservation for the requisite time period prior to commencing this action.[2] Thus, the tribal court is without jurisdiction to adjudicate this matter. And, as we earlier noted, by virtue of 25 U.S.C. § 1322(a) the state courts of North Dako-

---

1. *See N.D.C.C.* § 39–17–04 (1972), which reads in part as follows:

   * * * [T]he attorney general may enter an appearance, file a defense, appear by counsel at the trial or take such other action as he may deem appropriate on behalf and in the name of the defendant, and may thereupon, on behalf and in the name of the defendant, conduct his defense, and all acts done in accordance

therewith shall be deemed to be acts of the defendant. * * *

2. We note that N.D.C.C. § 39–17–03 limits recovery from the North Dakota Unsatisfied Judgment Fund to amounts "exceeding $300.00," whereas the maximum jurisdictional amount placed upon civil actions in the Standing Rock Reservation Tribal Court may not exceed $300.00 except between tribal members.

ta also lack subject-matter jurisdiction. Gourneau v. Smith, *supra*, 207 N.W.2d 256 (N.D.1973); *see* Williams v. Lee, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959). In effect, § 1322(a), *supra*, states that until an Indian reservation consents to the jurisdiction of the state courts,[3] such jurisdiction may not be assumed by the state courts of any cause of action involving Indians and arising within the boundaries of the Indian reservation. *See* Kennerly v. District Court, 400 U.S. 423, 429, 91 S.Ct. 480, 27 L.Ed.2d 507 (1971); Poitra v. Demarrias, 502 F.2d 23 (Pending publication of the opinion) (8th Cir., filed this date). As we indicated in *Poitra*, the Standing Rock Reservation has not consented to state jurisdiction in the prescribed statutory manner. The legal anomaly is therefore obvious—the non-Indian litigants are left without a forum in which to pursue their claim.[4]

█ This tribal exclusion of non-Indians may well be said to violate the equal protection and due process provisions of the Indian Civil Rights Act of 1968, 25 U.S.C. § 1302(8) (1970).[5] However, we are not at liberty to deal with these problems. They were not raised by appellants in their complaint, *see* Pan American Petroleum Corp. v. Superior Court of Delaware, 366 U.S. 656, 662–663, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961); Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913); *see, e. g.*, Koll v. Wayzata State Bank, *supra*, 397 F.2d 124, 127 (8th Cir. 1968); *cf.* Groundhog v. Keeler, 442 F.2d 674, 677 (10th Cir. 1971); nor was the Standing Rock Sioux Tribe, an indispensable party to such an action, named in appellants' complaint as a defendant. Accordingly, we cannot *sua sponte* remand this case to the district court with directions to litigate this action as a "civil rights" matter arising under the *Act* of 1968, supra.[6]

█ Finally, it is clear that this case is distinguishable on its facts from Poitra v. Demarrias, 502 F.2d 23, also filed this date. While in *Poitra* the statutory requisites for federal jurisdiction based on diversity of citizenship were satisfied, here neither the elements of diversity or federal question jurisdiction are present.

We have exhausted all possibilities of sustaining federal jurisdiction, but find none to exist. We are therefore compelled to affirm the order of dismissal.

Affirmed.

---

3. As noted in the government's amicus brief, the record is devoid of any evidence that would indicate whether state and tribal officials have stipulated what law was to be applied on that part of the highway that is on the reservation. In general, tribal law provides that all drivers must have a valid state registration and driver's license in order to use the roads on the reservation. However, the tribe has established its own specific regulations regarding the use of those roads. *See* The Code of Justice of the Standing Rock Sioux Tribe, §§ 8.1–.23 (July 1973).

4. We emphasize that North Dakota has in no way acted to bar Indians from its courts or to exclude them from the benefits of the Unsatisfied Judgment Fund. In fact, it would appear that if the tribal court had assumed jurisdiction in this case, its judgment would have been afforded full faith and credit for purposes of disbursement out of that fund. *See* N.D.C.C. § 39–17–03 (1972).

5. *See* Canby, Civil Jurisdiction and the Indian Reservation, 1973 Utah L.Rev. 206, 220 n. 107. The scope of § 1302(8) is not limited to Indians. It applies to any *person* within tribal jurisdiction. *See, e. g.*, Dodge v. Nakai, 298 F.Supp. 17, 24–25 (1968); 298 F.Supp. 26, 31–32 (D.Ariz.1969).

6. In order to determine whether the tribal court's exclusion of non-Indians violates 25 U.S.C. § 1302(8) (1970), a properly presented claim must be brought based on that contention. *See* Luxon v. Rosebud Sioux Tribe, 455 F.2d 698, 699–700 (8th Cir. 1972). While generally in such Indian civil rights cases there is an exhaustion requirement, O'Neal v. Cheyenne River Sioux Tribe, 482 F.2d 1140, 1145–1148 (8th Cir. 1973), in the context of the instant case, tribal remedies are apparently non-existent or, at best, inadequate and therefore might not need to be exhausted. *See* McCurdy v. Steele, 353 F.Supp. 629, 636 (D.Utah 1973).