Dianna **WHITING**, Plaintiff
and Appellant,

v.

Lowell H. **HOFFINE** and Viola M. Hoffine, Defendants and Appellees.

David **WHITING**, Plaintiff and
Appellant,

v.

Lowell H. **HOFFINE** and Viola M. Hoffine, Defendants and Appellees.

Nos. 12769, 12770.

Supreme Court of South Dakota.

Argued April 23, 1980.

Decided July 23, 1980.

Gary E. Davis of Johnson, Johnson & Eklund, Gregory, for plaintiffs and appellants.

Stanley E. Whiting of Day, Grossenburg & Whiting, Winner, for defendants and appellees.

FOSHEIM, Justice.

The plaintiffs, husband and wife, brought separate actions in tort against the defendants. By stipulation, the cases were consolidated in circuit court. The circuit court dismissed plaintiffs' complaints for failure to join an indispensable party. Since the issues before us are identical, the cases have also been consolidated on appeal. We reverse.

The injuries sustained by Dianna Whiting (a non-Indian) were allegedly caused by carbon monoxide poisoning at a building owned by the defendants, Lowell H. Hoffine and Viola M. Hoffine (non-Indians), in Mission, South Dakota. It is claimed that the gas came from a propane furnace on that property. Plaintiffs had sub-leased

part of the building from Jacob Antoine (an Indian) who, at the time of the injury, was renting the entire structure from the defendants. The action of Dianna Whiting seeks recovery for her injuries. The complaint of David Whiting (an Indian) alleges a loss of consortium resulting from his wife's injuries.

Mission, South Dakota, is within a closed portion of the Rosebud Indian Reservation. The trial court, while finding that Jacob Antoine had exclusive possession of that part of the premises where the carbon monoxide problems occurred and that he had assumed the obligation of keeping the building in repair, concluded that for jurisdictional reasons Antoine could not be joined in state court as a defendant either to litigate his liability or to seek contribution from him in the principal action in the event plaintiffs recovered against defendants.

The first issue raised by appellants is whether the inability of the trial court to obtain jurisdiction over a person for purposes of joining him as a third-party de-

fendant entitled the third-party plaintiffs to an order dismissing the original action pursuant to SDCL 15–6–19(b). The trial court, in dismissing the actions, concluded that Jacob Antoine was an indispensable party.[1]

█ It is familiar law that each joint tort-feasor is responsible for the wrong and that they may be sued jointly or severally.[2] *Fusfield v. Smith*, 66 S.D. 309, 282 N.W. 523 (1938). This is subject, however, to the right of contribution among joint tort-feasors,[3] which right may be exercised by the defending party in the principal action.[4]

█ It is settled law that state courts do not have jurisdiction over Indian persons who reside on Indian reservations concerning causes of action that arose in Indian country. *Williams v. Lee*, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959); *Smith v. Temple*, 82 S.D. 650, 152 N.W.2d 547 (1967). Indians, however, may bring suit against non-Indians in state courts. *United States v. Candelaria*, 271 U.S. 432, 46 S.Ct. 561, 70 L.Ed. 1023 (1926); *Felix v. Patrick*, 145

1. SDCL 15–6–19(a) provides:
   A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.
   SDCL 15–6–19(b) continues:
   If a person as described in subdivisions (1) and (2) of § 15–6–19(a) cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the

person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

2. SDCL 15–8–11 provides:
   For the purposes of §§ 15–8–12 to 15–8–22, inclusive, the term "joint tort-feasors" means two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them.

3. SDCL 15–8–12 provides:
   The right of contribution exists among joint tort-feasors.

4. SDCL 15–6–14(a) reads in pertinent part:
   At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.

U.S. 317, 12 S.Ct. 862, 36 L.Ed. 719 (1892). While it has also been established that tribal courts do not have jurisdiction over non-Indians in criminal cases, *Oliphant v. Suquamish Indian Tribe*, 435 U.S. 191, 98 S.Ct. 1011, 55 L.Ed.2d 209 (1978), see: *State v. Brewer*, 266 N.W.2d 560 (S.D.1978), non-Indians may nonetheless bring suit in tribal courts against Indians arising out of matters occurring on the reservation, *Williams v. Lee*, supra, unless excluded by tribal law. *Schantz v. White Lightning*, 502 F.2d 67 (8th Cir. 1974). Counsel conceded in argument that both the claims of plaintiffs and any possible rights of contribution by defendants against Jacob Antoine could be pursued in tribal court.[5]

■ The trial court indicated that plaintiffs could seek relief in federal district court. In *Schantz v. White Lightning*, supra, however, the United States Court of Appeals for the Eighth Circuit held that where the only issues to be litigated under the facts of the case were those which might arise under state law, the federal district court was without jurisdiction since no federal question was involved and there was no diversity of citizenship where defendant Indians were members of tribes located in North Dakota and plaintiffs, non-Indians, were residents of North Dakota residing outside the boundaries of the reservation. Consequently, we accept the conclusions of counsel for both parties that the federal district court does not have jurisdiction to hear and determine the issues in this case, that our courts cannot grant the defendants Lowell H. Hoffine and Viola M. Hoffine any right of contribution which may accrue against Jacob Antoine, and that an action brought in tribal court would not reach these defendants. Clearly, therefore, complete relief cannot be accorded among those already parties to this action in the absence of Jacob Antoine. He thus comes within the category of persons who, under SDCL 15–6–19(a),[6] should be joined if feasible.

■ Since Jacob Antoine cannot be joined, we must turn to SDCL 15–6–19(b)[7] and determine whether in equity and good conscience the action should have proceeded among the parties before it or was properly dismissed because the absent person was indispensable. Factors to be considered by the Court in making that determination are: (1) To what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder. SDCL 15–6–19(b). Since 15–6–19(a) and (b) are patterned after Rule 19 of the Federal Rules of Civil Procedure, we have the benefit of federal court decisions interpreting such sections. In *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118–9, 88 S.Ct. 733, 743, 19 L.Ed.2d 936, 950 (1968), the Supreme Court said:

> The decision whether to dismiss (i. e., the decision whether the person missing is "indispensable") must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against

---

**5.** Ch. 2, Sec. 2 of the Rosebud Sioux Tribal Code provides:

Law Applicable to Civil Actions
In all civil cases the Rosebud Sioux Tribal Court shall apply any laws of the United States that may be applicable, any authorized regulation of the Interior Department, and any ordinances of the Tribe not prohibited by federal law.
The civil actions and civil remedies that may be commenced in the Rosebud Sioux Tribal Court shall include . . . actions against individuals. The procedure for commencing such action or the grounds, conditions, and qualifications therefore shall be the same as provided by the law of the State of South Dakota, which is incorporated by this reference.
*See*: SDCL 15–8–13.

**6.** See SDCL 15–6–19(a), supra at n. 1.

**7.** See n. 1, supra.

opposing interests. Rule 19 does not prevent the assertion of compelling substantive interests; it merely commands the courts to examine each controversy to make certain that the interests really exist. To say that a court "must" dismiss in the absence of an indispensable party and that it "cannot proceed" without him puts the matter the wrong way around: a court does not know whether a particular person is "indispensable" until it has examined the situation to determine whether it can proceed without him.

The only issues which could be litigated among the present parties would relate to the alleged liability of the defendants. If the actions were to continue in state court, any subsequent claim against Mr. Antoine in tribal court would then be in the nature of contribution and any decision of a court in this state as to liability would not be res judicata or binding on Mr. Antoine. In *Provident Tradesmens Bank & Trust Co. v. Patterson*, supra, the Supreme Court, in applying the "equity and good conscience" test of Rule 19(b), as to the first factor stated:

> [T]here is the interest of the outsider whom it would have been desirable to join. Of course, since the outsider is not before the court, he cannot be bound by the judgment rendered. This means, however, only that a judgment is not *res judicata* as to, or legally enforceable against, a nonparty. It obviously does not mean either (a) that a court may never issue a judgment that, in practice, affects a nonparty or (b) that (to the contrary) a court may always proceed without considering the potential effect on nonparties simply because they are not "bound" in the technical sense. Instead, as Rule 19(a) expresses it, the court must consider the extent to which the judgment may "as a practical matter impair or impede his ability to protect" his interest in the subject matter.

390 U.S. at 110, 88 S.Ct. at 738, 19 L.Ed.2d at 945.

Since it does not appear that Jacob Antoine can be prejudiced if this action proceeds, we need not address the second factor under SDCL 15–6–19(b) as to how any prejudice could be lessened by the shaping of relief or other measures.

Since each tort-feasor is severally liable and the measure of damages is the amount which will compensate for all the detriment proximately caused by the tort,[8] it follows that whatever judgments may be rendered in the present actions will be adequate to fully compensate plaintiffs under the third criterion of SDCL 15–6–19(b).

The fourth factor is more complex. The plaintiffs' causes of action have been dismissed and, if that disposition stands, their only remaining remedy is to sue Jacob Antoine in tribal court. Whether they would then encounter another Rule 19(b) motion to dismiss on the ground that the Hoffines were not joined as indispensable parties, we cannot speculate. By affirming the dismissal, however, we would in effect be telling the plaintiffs that their only remedy is to seek in tribal court what their state courts deny them. We cannot fairly conclude that plaintiffs would have an adequate remedy in tribal court if the same remedy is less than adequate in the state courts.

If the present action proceeds, either the plaintiffs will recover or the defendants will be absolved of liability. Obviously, in the latter event, the question of contribution becomes moot and the defendants have not been prejudiced. If, however, either or both of the plaintiffs prevail, the defendants will be adjudicated to have breached a duty and the plaintiff(s) will concurrently be adjudged the victim(s) of that breach. Under no circumstances can plaintiffs emerge as wrongdoers. Compelling the possible victims to seek another forum is a certainty if the dismissal is upheld. Wheth-

---

8. SDCL 21 3-1 provides:

    For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not.

er the defendants must ultimately seek contribution in another forum is an uncertainty. If it becomes a reality, they will be pursuing contribution as adjudicated tortfeasors.

Courts have consistently been reluctant to dismiss an action on the basis of equity and good conscience where there is no alternative forum available where all interest parties can be joined. *Stumpf v. Fidelity Gas Co.*, 294 F.2d 886 (9th Cir. 1961); *Kroese v. General Castings Corporation*, 179 F.2d 760 (3rd Cir. 1950); cert. denied, 339 U.S. 983, 70 S.Ct. 1026, 94 L.Ed. 1386 (1950); *Owatonna Manufacturing Company v. Melroe Company*, 301 F.Supp. 1296 (D.Minn. 1969); *Imperial Appliance Corp. v. Hamilton Manufacturing Co.*, 263 F.Supp. 1015 (E.D.Wis.1967). In *Imperial Appliance Corp. v. Hamilton Manufacturing Co.*, the Court stated:

> Where the determination rested on balancing the loss of plaintiff's right to litigate its claim against a defendant's possible exposure to further suit, the courts have deemed it just and equitable to allow the action to continue in the absence of parties having a material interest therein.

263 F.Supp. at 1018.

We conclude that Jacob Antoine is not an indispensable party, and that in equity and good conscience the litigation should proceed among the parties to the present actions.

Reversed.

WOLLMAN, C. J., and DUNN, J., concur.

MORGAN and HENDERSON, JJ., concur specially.

MORGAN, Justice (concurring specially).

I concur in the result but I would sum it up differently than the majority opinion does.

As I read the opinion, we do in fact conclude that Antoine *is* a party who should be joined under SDCL 15–6–19(a); *but* that in equity and good conscience the litigation should proceed among the parties to the

present actions under SDCL 15–6–19(b) because it is not feasible to join him.

The term "indispensable party" in the last paragraph is obsolete. The motion under SDCL 15–6–12(b) no longer refers to "indispensable party" but rather to "party under § 15–6–19."

I am authorized to state that Justice HENDERSON joins in this special concurrence.