STATE OF ALASKA, DEPARTMENT OF PUBLIC WORKS, Plaintiff,

v.

Juliana AGLI and Franklin Agli, Defendants and Third-Party Plaintiffs,

v.

UNITED STATES of America, Third-Party Defendants.

No. A76–261 Civil.

United States District Court, D. Alaska.

June 22, 1979.

Hal P. Gazaway, Asst. Atty. Gen. for the State of Alaska, Anchorage, Alaska, for plaintiff.

Gregory M. O'Leary, Alaska Legal Services Corporation, Anchorage, Alaska, for defendants and third-party plaintiffs.

Alexander O. Bryner, U. S. Atty. for Alaska, Anchorage, Alaska, for third-party defendants.

MEMORANDUM AND ORDER

VON DER HEYDT, Chief Judge.

THIS CAUSE comes before the court on plaintiff's motion to remand to the state court and defendants' motion to dismiss for lack of derivative jurisdiction. In 1976 the State of Alaska filed suit against Franklin and Juliana Agli in the Superior Court of the State of Alaska, Third Judicial District, at Kodiak. The State's amended complaint was entitled "Amended Complaint for Possession of Real Property" and stated four causes of action: 1) ejectment, 2) quiet title, 3) a request for injunctive relief, and 4) abuse of process. The State sought through these actions to gain possession and quiet title to a certain portion of real property described as Lot 1, § 23, Lot 5, § 22, of Township 17 South, Range 45 West, Seward Meridian containing 12.68 acres. The State claims this property was conveyed to it on April 15, 1966, by the federal government under § 45(a) of the Alaska Omnibus Act, 73 Stat. 152. The defendant Juliana Agli is an Eskimo native of Alaska and claims the disputed property under the Alaska Native Allotment Act of 1906, 34 Stat. 197.[1] Her claim is based on her family's use and occupation of the land for subsistence purposes since 1920. The defendant removed this case to this court pursuant to 28 U.S.C. § 1441.

*Derivative Jurisdiction*

One of the more anomalous jurisdictional doctrines is the principle that the federal courts only acquire jurisdiction upon removal over cases that are within the jurisdiction of the state court from which they were removed, even if it is determined that the removed case was one over which the federal courts have exclusive jurisdiction. *Lambert Run Coal Co. v. Baltimore & Ohio R.R.,* 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671 (1922); *Minnesota v. United States,* 305 U.S. 382, 389, 59 S.Ct. 292, 83 L.Ed. 235 (1939); *State of Washington v. American League of Professional Baseball Clubs,* 460 F.2d 654 (9th Cir. 1972). Judge Duniway has described this doctrine as "the kind of legal *tour de force* that most laymen cannot understand, particularly in a case where the federal court not only has subject matter jurisdiction, but has exclusive subject matter jurisdiction." 460 F.2d at 658–59. If the state court lacked subject matter jurisdiction the federal court can only dismiss the suit. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3722.

*Characterization of the State's Complaint*

The state has drawn its complaint to allege an action in ejectment and a quiet title action. In its ejectment claim the State alleges that defendants "have no claim or

1. Formerly 43 U.S.C. § 270–1 to 270–3, repealed by P.L. 92–203 (Alaska Native Claims Settlement Act) with a savings clause for any allotment application pending before the Department of Interior on the effective date of the Act, December 18, 1971. 85 Stat. 710.

Former 43 U.S.C. § 270–1 stated:

The Secretary of the Interior is authorized and empowered, in his discretion and under such rules as he may prescribe, to allot not to exceed one hundred and sixty acres of vacant, unappropriated, and unreserved nonmineral land in Alaska, or subject to the provisions of sections 270–11 and 270–12 of this title, vacant, unappropriated, and unreserved lands in Alaska that may be valuable for coal, oil, or gas deposits, to any Indian, Aleut, or Eskimo of full or mixed blood who resides in and is a native of Alaska, and who is the head of a family, or is twenty-one years of age; and the land so allotted shall be deemed the homestead of the allottee and his heirs in perpetuity; and shall be inalienable and nontaxable until otherwise provided by Congress: *Provided,* That any Indian, Aleut, or Eskimo, who receives an allotment under this section, or his heirs, is authorized to convey by deed, with the approval of the Secretary of the Interior, the title to the land so allotted, and such conveyance shall vest in the purchaser a complete title to the land which shall be subject to restrictions against alienation and taxation only if the purchaser is an Indian, Aleut, or Eskimo native of Alaska who the Secretary determines is unable to manage the land without the protection of the United States and the conveyance provides for a continuance of such restrictions. Any person qualified for an allotment as aforesaid shall have the preference right to secure by allotment the nonmineral land occupied by him not exceeding one hundred and sixty acres. (May 17, 1906, ch. 2469, 34 Stat. 197; Aug. 2, 1956, ch. 891, § 1(a)–(d), 70 Stat. 954).

right to the aforementioned property." Paragraph XXV. The quiet title action alleges that, "The State has superior title to the real property that is the subject of this dispute," Paragraph XXVII, and "The defendants' claim is without merit." Paragraph XXXII describes the conduct of the defendants as a "continuing trespass." The State's fourth[2] cause of action for abuse of process is based upon the defendant's request that the Department of Interior reconsider her allotment application. Paragraph XXXVII states that the reasons for filing the request for reconsideration were to "create a cloud on plaintiff's title to the subject property, and frustrate plaintiffs' attempt to recover its real property."

In determining the real nature of state claims the court "may look beyond the verbiage of the state court complaint to the substance of plaintiffs' claimed grievance, and may, where appropriate, properly take judicial notice of any federal laws necessarily brought into play." *Rettig v. Arlington Heights Federal Savings & Loan Association,* 405 F.Supp. 819 (N.D.Ill.1975). "In many contexts plaintiff's claim may be one that is exclusively governed by federal law, so that the plaintiff necessarily is stating a federal cause of action, whether he chooses to articulate it that way or not." Wright, Miller & Cooper, § 3722 at 567. *See Johnson v. England,* 356 F.2d 44 (9th Cir.) *cert. denied* 384 U.S. 961, 86 S.Ct. 1587, 16 L.Ed.2d 673 (1966).

The court finds the State's causes of action to be in reality a request that the state court adjudicate defendant Agli's claim for a Native allotment and declare it invalid. Once the state complaint is properly characterized the issue raised by the defendants' motion to dismiss is whether the courts of the State of Alaska have jurisdiction over a quiet title action or an ejectment action that involves the adjudication of a claim for an Alaskan Native Allotment.

### The Jurisdiction of Alaska Courts Over Native Allotment Claims

The federal government has the plenary and exclusive power to regulate Indian affairs. The state courts acquire jurisdiction over such disputes only to the extent that Congress explicitly provides. *Bryan v. Itasca County,* 426 U.S. 373, 96 S.Ct. 2102, 48 L.Ed.2d 710 (1976); *Calista Corp. v. Mann,* 564 P.2d 53 (Alaska 1977); *Ollestead v. Native Village of Tyonek,* 560 P.2d 31 (Alaska 1977).

The Alaska Supreme Court has held that the state courts do not have jurisdiction to adjudicate the right to the possession or ownership of interests in property held in trust for Alaskan Natives. *Ollestead v. Native Village of Tyonek,* 560 P.2d 31, 33–34 (Alaska 1977); *Atkinson v. Haldane,* 569 P.2d 151, 167 n. 59 (Alaska 1977). *See also Cogo v. Central Council of Tlingit and Haida Indians of Alaska,* 465 F.Supp. 1286, 1290 (D.Alaska 1979). This court agrees that this is a correct view of the way in which federal law limits the jurisdiction of the state courts.

28 U.S.C. § 1360(a)[3] grants the state courts "jurisdiction over civil causes of ac-

---

**2.** The so-called third cause of action is actually a request for a remedy based on the first two claims and not a separate claim in itself.

**3.** 28 U.S.C. § 1360 states in relevant part:
§ 1360. State civil jurisdiction in actions to which Indians are parties.
(a) Each of the States or Territories listed in the following table shall have jurisdiction over civil causes of action between Indians or to which Indians are parties which arise in the areas of Indian country listed opposite the name of the State or Territory to the same extent that such State or Territory has jurisdiction over other civil causes of action, and those civil laws of such State or Territory that are of general application to private persons or private property shall have the same force and effect within such Indian country as they have elsewhere within the State or Territory:

| State or Territory of | Indian country affected |
|---|---|
| Alaska . . . . . . . . | All Indian country within the Territory |

. . . . .

(b) Nothing in this section shall authorize the alienation, encumbrance, or taxation of any real or personal property, including water rights, belonging to any Indian or any Indian tribe, band, or community that is held in trust by the United States or is subject to a restriction against alienation imposed by the United States; or shall authorize regulation of the use

tion . . . to which Indians are parties . . . ." 28 U.S.C. § 1360(b) states that, "Nothing in this section shall authorize the alienation . . . of any real or personal property . . . belonging to any Indian . . . or shall confer jurisdiction upon the State to adjudicate, in probate proceedings *or otherwise,* the ownership or right to possession of such property or any interest therein." (emphasis added). In *Calista Corp. v. Mann* the Alaska Supreme held that 28 U.S.C. § 1360 did not grant the state courts the power to adjudicate an equitable interest in Native corporation stock. 564 P.2d at 57–58. If the state courts do not have jurisdiction under 28 U.S.C. § 1360, known as Public Law 280, to adjudicate such claims in a probate proceeding, an area of traditional state interest and power, the state courts likewise could not adjudicate an equitable interest in a Native allotment in a state quiet title, ejectment or abuse of process action. Interests in Indian trust lands are a federal instrumentality held to effect the federal policy of Indian advancement and "may not be burdened or interfered with by the State. Where a dispute involves trust or restricted proper-

ty, the state may not adjudicate the dispute nor may its laws apply." *In re Humboldt Fir, Inc.,* 426 F.Supp. 292, 296 (N.D.Cal. 1977) (citation omitted). *See also Santa Rosa Band of Indians v. Kings County,* 532 F.2d 655 (9th Cir. 1975); *Capitan Grande Band of Mission Indians v. Helix Irrigation District,* 514 F.2d 465, 468–69 (9th Cir.) *cert. denied* 423 U.S. 874, 96 S.Ct. 143, 46 L.Ed.2d 106 (1975); *People of South Naknek v. Bristol Bay Borough,* 466 F.Supp. 870 (D.Alaska 1979). In *Calista Corp. v. Mann* the court went on to find the necessary grant of state court jurisdiction in the Alaska Native Claims Settlement Act. 564 P.2d at 58–59. In the instant case this court has found no statute granting the state courts jurisdiction over a Native allotment claim.

The statutes that do grant jurisdiction over "any civil action involving the right of any person, in whole or in part of Indian blood or descent, to any allotment of land under any Act of Congress or treaty" place that jurisdiction in the federal courts. 28 U.S.C. § 1353 (1976). *See also* 25 U.S.C. § 345.[4] *See Pence v. Kleppe,* 529 F.2d 135,

---

of such property in a manner inconsistent with any Federal treaty, agreement, or statute or with any regulation made pursuant thereto; or shall confer jurisdiction upon the State to adjudicate, in probate proceedings or otherwise, the ownership or right to possession of such property or any interest therein.

4. 28 U.S.C. § 1353 states:
   § 1353. Indian allotments
   The district courts shall have original jurisdiction of any civil action involving the right of any person, in whole or in part of Indian blood or descent, to any allotment of land under any Act of Congress or treaty.
   The judgment in favor of any claimant to an allotment of land shall have the same effect, when properly certified to the Secretary of the Interior, as if such allotment had been allowed and approved by him; but this provision shall not apply to any lands held on or before December 21, 1911, by either of the Five Civilized Tribes, the Osage Nation of Indians, nor to any of the lands within the Quapaw Indian Agency. June 25, 1948, c. 646, 62 Stat. 934.
   25 U.S.C. § 345 states:
   § 345. Actions for allotments
   All persons who are in whole or in part of Indian blood or descent who are entitled to an allotment of land under any law of Congress, or who claim to be so entitled to land under any

allotment Act or under any grant made by Congress, or who claim to have been unlawfully denied or excluded from any allotment or any parcel of land to which they claim to be lawfully entitled by virtue of any Act of Congress, may commence and prosecute or defend any action, suit, or proceeding in relation to their right thereto in the proper district court of the United States; and said district courts are given jurisdiction to try and determine any action, suit, or proceeding arising within their respective jurisdictions involving the right of any person, in whole or in part of Indian blood or descent, to any allotment of land under any law or treaty (and in said suit the parties thereto shall be the claimant as plaintiff and the United States as party defendant); and the judgment or decree of any such court in favor of any claimant to an allotment of land shall have the same effect, when properly certified to the Secretary of the Interior, as if such allotment had been allowed and approved by him, but this provision shall not apply to any lands held August 15, 1894, by either of the Five Civilized Tribes, nor to any of the lands within the Quapaw Indian Agency: *Provided,* That the right of appeal shall be allowed to either party as in other cases. Aug. 15, 1894, c. 290, § 1, 28 Stat. 305; Feb. 6, 1901, c. 217, § 1, 31 Stat. 760; Mar. 3, 1911, c. 231, § 291, 36 Stat. 1167.

138 (9th Cir. 1976). The Supreme Court held that the predecessor of 25 U.S.C. § 345 prevented an Oregon court from deciding questions of title to an Indian allotment. *McKay v. Kalyton,* 204 U.S. 458, 27 S.Ct. 346, 51 L.Ed. 566 (1907).

In summary, this court holds that the complaint in this case is an attempt to determine the validity of a claim to a Native allotment, that the courts of Alaska do not have jurisdiction to determine such claims, and therefore this court acquired no jurisdiction upon removal.

Accordingly IT IS ORDERED:

1. THAT defendants' motion to dismiss is granted.

2. THAT plaintiff's motion to remand is denied.

3. THAT the Clerk may prepare a final judgment form stating that this case is dismissed for lack of derivative jurisdiction.