HANK PATTERSON AND MRS. HANK PATTERSON, APPELLANTS, *v.* FOUR RENT, INC., A CALIFORNIA CORPORATION, DBA DYER RANCH COMPANY, RESPONDENT.

No. 15379

November 4, 1985                    707 P.2d 1147

*Richard E. Olson, Jr.,* Nevada Indian-Rural Legal Services, for Appellants.

*William Patterson Cashill,* Reno, for Respondent.

## OPINION

*Per Curiam:*

In May 1982, respondent Four Rent, Inc. served upon appellants Mr. and Mrs. Hank Patterson a thirty-day notice to quit occupancy of land in Fish Lake Valley in Esmeralda County. Appellant Hank Patterson applied for an Indian allotment in September 1982.[1] In the application, appellant stated that he is a Timbi-Sha Shoshone Indian, that he has resided on the land since approximately 1915, and that he has improved the land with a house, outbuildings, fencing and cultivation. However, in census documents, appellant had declared that his place of residence in 1928 was Death Valley, California. The Bureau of Land Management rejected the application for allotment on the ground that the land requested had been transferred out of federal ownership and was not subject to allotment. The Interior Board of Land Appeals, United States Department of the Interior, affirmed the rejectment of the allotment. That decision has been appealed to the United States District Court.

Respondent filed a complaint against appellants in the Fifth Judicial District Court of Nevada, stating causes of action in nuisance, waste and trespass, and seeking injunction, declaratory relief and ejectment. Respondent claims the property was conveyed to it in fee simple in December 1977 and that its title is supported by a chain of ownership from the grantee of a United States patent under the Enlarged Homestead Act of February 19, 1909, ch. 160, §§ 1-6, 35 Stat. 639 (repealed 1976). In their answer, appellants admitted occupancy of the land, but raised as an affirmative defense that the Nevada court lacked subject matter

---

[1]The General Allotment Act of 1887, as amended, 25 U.S.C. § 334, provided for the allotment of lands of the United States not otherwise appropriated, to eligible Indians who made settlement on those lands. The purpose of the Act was to end the tribal and nomadic life of the Indians. Hopkins v. United States, 414 F.2d 464, 467 (9th Cir. 1969).

jurisdiction pursuant to Nevada Rules of Civil Procedure, rule 12(b)(1).

Respondent moved for summary judgment on the issue of liability in the trespass action on the ground the Interior Board of Land Appeals' rejection of appellants' application for an allotment determined the land was not the property of the United States and therefore appellants had failed to state a defense. The district court determined that respondent owned the land in fee simple, enjoined appellants from trespassing on the land and retained jurisdiction for trial on the issue of damages. This appeal followed.

Initially, we note 28 U.S.C. § 1353 (1976) grants the federal courts original jurisdiction over "any civil action involving the right of any person, in whole or in part of Indian blood or descent, to any allotment of land under any Act of Congress. . . ."[2] *See also* McKay v. Kalyton, 204 U.S. 458 (1907) (under the predecessor of 25 U.S.C. § 345, federal court jurisdiction over actions concerning Indian allotments was exclusive of state court jurisdiction). State courts have accordingly removed to federal court cases which attempt to determine the validity of claims to allotments on the ground of lack of subject matter jurisdiction. State of Alaska, Dept. of Public Works v. Agli, 472 F.Supp. 70 (D. Alaska 1979); Heffle v. State, 633 P.2d 264 (Alaska 1981). The resolution of the dispute thus revolves upon a determination of whether the actual issue before the district court was the right to land as an Indian allotment.

Appellants contend that an essential element of the trespass cause of action is proof of entitlement to the land and that resolution of this issue necessarily constitutes a determination of whether appellants are entitled to the land as an Indian allotment. Appellants' case rests on the assertion that because they occupied the land prior to its transfer from the public domain to respondent's predecessor in interest, the land was removed from the public domain and was not included within land granted by patent

---

[2]Additionally, Title 25 U.S.C. § 345 provides:

All persons who are in whole or in part of Indian blood or descent who are entitled to an allotment of land under any law of Congress, or who claim to be so entitled to land under any allotment Act . . . or who claim to have been unlawfully denied or excluded from any allotment or any parcel of land to which they claim to be lawfully entitled by virtue of any Act of Congress, may commence and prosecute or defend any action, suit, or proceeding in relation to their right thereto in the proper district court of the United States; and said district courts are given jurisdiction to try and determine any action, suit, or proceeding arising within their respective jurisdictions involving the right of any person, in whole or in part of Indian blood or descent, to any allotment of land under any law. . . .

to respondent's predecessor in interest. Appellants point out that the district court's failure to recognize that assertion led it to the erroneous conclusion that appellants could be ordered to vacate the land and it would be sufficient to allow them to resume occupancy if they ultimately obtained an allotment. We agree.

We first observe the district court purported actually to determine that respondent owned the land in fee simple and thus resolve the claim to land as an Indian allotment. In *McKay v. Kalyton, supra,* a suit to restrain Indians from interference with possession and use of land allegedly acquired by allotment, the court stated that the right of possession there necessarily involved the question of the existence of title. 204 U.S. at 469, In *Agli, supra,* the United States District Court for the District of Alaska found that a complaint alleging ejectment, quiet title and injunctive relief against an Indian claiming the property based on occupancy under a federal allotment was an attempt to determine the validity of a claim to an allotment. The court held the state court was without subject matter jurisdiction. 472 F.Supp. at 74. Further, in *Heffle, supra,* the Supreme Court of Alaska has held that an action seeking to enjoin interference with a right-of-way over allotted property required an adjudication of ownership of land subject to a restriction against alienation imposed by the United States such that the state court must dismiss for lack of subject matter jurisdiction. 633 P.2d at 269.

We concur with the reasoning of these cases. We conclude that the complaint in this matter attempts to determine the validity of a claim to land by an Indian allotment and that the courts of Nevada do not have subject matter jurisdiction to entertain such actions. Accordingly, the judgment of the district court is reversed and the case remanded for the district court to dismiss for lack of subject matter jurisdiction.