**Julius BLUMENTHAL and Hal Carter, Plaintiffs,**

v.

**Buster HANSON, Melvin Checo and James Hunolt, Defendants.**

**No. CV–F–87–307 REC.**

United States District Court,
E.D. California.

Jan. 22, 1988.

Julius Blumenthal, pro se.

Hal Carter, pro se.

Lawrence R. Stidham, California Indian Legal Services, Bishop, Cal., for defendants.

## ORDER RE MOTION FOR RECONSIDERATION OF MAGISTRATE'S ORDER

COYLE, District Judge.

On September 18, 1987, Magistrate Christensen issued an order remanding this case to state court and denying defendants' motion to join the United States as a party defendant. Defendants Buster Hanson and Melvin Checo timely filed a request for reconsideration of the Magistrate's order.

Plaintiffs originally brought a quiet title and ejectment action against defendants in the Superior Court of Inyo County. According to plaintiffs' complaint, plaintiffs Blumenthal and Carter each owned a parcel of land in Inyo County. Their land was separated by a 60 foot strip of land which was owned by Inyo County and known as Sorba Street. In January of 1987, the County abandoned this land and merged one-half of the land with plaintiff Blumenthal's property and one-half of the land with plaintiff Carter's property. Defendants Hanson, Checo and Jim Hunolt occupied a building located on the strip of land originally owned by Inyo County. After Inyo County abandoned the land, defendants refused to allow Blumenthal and Carter onto a portion of the property which contains the building.

The defense in this case is a claim that the defendants are entitled to the land under 25 U.S.C. § 345. § 345 states as follows:

*Actions for Allotments*

All persons who are in whole or in part of Indian blood or descent who are entitled to an allotment of land under any law of Congress, or who claim to be so entitled to land under any allotment act or under any grant made by Congress, or who claim to have been unlawfully denied or excluded from any allotment or any parcel of land to which they claim to be lawfully entitled by virtue of any Act of Congress, may commence and prosecute or defend any action, suit, or proceeding in relation to their right thereto in the proper district court of the United States; and said district courts are given jurisdiction to try and determine any action, suit or proceeding arising within their respective jurisdictions involving the right of any person, in whole or in part of Indian blood or descent, to any allotment of land under any law or treaty (and in said suit the parties thereto shall be the claimant as plaintiff and the United States as party defendant); ...

The defendants removed the case to federal court, claiming that § 345 provides for exclusive federal jurisdiction over this matter. The Magistrate disagreed and remanded the case to state court. This court now affirms the Magistrate's order.

In ruling that § 345 does not create federal jurisdiction in this case, the Magistrate relied upon language contained in the recent U.S. Supreme Court decision in *United States v. Mottaz*, 476 U.S. 834, 106 S.Ct. 2224, 90 L.Ed.2d 841 (1986). In dicta, the *Mottaz* court explained that "Section 345 thus contemplates two types of suits involving allotments: suits seeking the issuance of an allotment and suits involving 'the interests and rights of the Indian in his allotment or patent after he has acquired it.'" *Id.* at 845, 106 S.Ct. at 2231, 90 L.Ed.2d at 853 (citations omitted). The Magistrate held that the defendants had not acquired an allotment under § 345, and that this was not a suit seeking the issuance of an allotment because the defendants had not joined the United States as a third-party defendant at the time the case was removed to federal court.

The defendants attempted to turn this into a "suit seeking the issuance of an allotment" by joining the United States as a third party defendant in the federal action. As part of the order which the court is now asked to reconsider, Magistrate Christensen denied the defendants' motion to join the United States. The Magistrate held that because this court did not have jurisdiction at the time of removal pursuant to § 345, it could not join the United States to the action. As a practical matter, the effect of the Magistrate's order is that the defendants must go back to state court and join the United States as a third-party defendant. At that time, it appears that they would properly be able to remove the case to federal court because they would be "seeking the issuance of an allotment" and § 345 will therefore grant federal jurisdiction over the action.

Rather than take that route, defendants seek a ruling from this court that there is federal jurisdiction because this suit involves the interest and rights of these defendants in an allotment they have already acquired. This argument is based on the principle established by *Cramer v. United States*, 261 U.S. 219, 43 S.Ct. 342, 67 L.Ed. 622 (1923), that an Indian's use and occupancy of vacant, unappropriated, public domain lands entitles the Indians to receive those lands as an Indian allotment. In *Cramer*, the court cited with approval a wide variety of cases which held that Indians who had been using and occupying unappropriated public lands had a greater claim to those lands than non-Indians who later bought the land in question from the federal government. *Id.* at 227–28, 43 S.Ct. at 344.

The defendants cite three cases for their contention that this federal court has jurisdiction even though an allotment has never been formally issued. *Patterson v. Four Rent, Inc.*, 101 Nev. 651, 707 P.2d 1147 (1985), involved a factual situation similar to the facts in this case. Defendant Four Rent bought land which was once owned by the United States. Four Rent then attempted to evict Mr. and Mrs. Patterson. The Pattersons, who were Indians, then filed a claim for an allotment under § 345. The Department of the Interior rejected the allotment, and that decision was appealed in a separate action to the United States District Court. Four Rent filed a complaint against the Pattersons in ejectment and trespass in state court. The Nevada Supreme Court ruled that the state court did not have jurisdiction. The Nevada Supreme Court reasoned that the state court, in ruling on the trespass action, necessarily had to determine true ownership of the land. The critical question in determining ownership of the land was the Pattersons' claim to an allotment under § 345. Because the actual issue in the case was the Patterson's right to an allotment, the court ruled that § 345 granted exclusive jurisdiction to the federal courts.

The second case cited by defendants is *Heffle v. State of Alaska*, 633 P.2d 264 (Aka.1981), *cert. den. sub nom. Alaska v. Heffle*, 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982). In *Heffle*, the Alaska Supreme Court ruled that the Alaska state courts did not have jurisdiction to decide

whether an easement obtained from an Indian without the approval of the Bureau of Indian Affairs was valid. That case involved land already allotted under the Alaska Native Allotment Act of 1906. The critical issue was language in the act which required approval by the United States Government before an Indian could convey trust lands. *Heffle* is distinguishable from this case because *Heffle* dealt with lands which were already formally allotted to an Indian under the Alaska Native Allotment Act.

The most instructive case cited by the defendants is *Alaska v. Agli*, 472 F.Supp. 70 (D.Alaska 1979). In *Agli*, the State of Alaska brought an ejectment and quiet title action against Agli, an Eskimo native of Alaska. Agli claimed a right to the property under a provision of the Alaska Native Allotment Act which is virtually identical to § 345. Agli had applied for an allotment from the Department of the Interior before the State of Alaska brought this suit. Agli's application was denied. While the state suit was pending, Agli asked the Department of the Interior to reconsider her allotment application. The District Court ruled that the state court had no jurisdiction over the ejectment and quiet title action because the action was in reality an attempt to determine the validity of Agli's claim to a native allotment. Although the United States had been joined as a third party defendant prior to the removal of the action from state court, the District Court did not comment on that fact at all and it was not a basis for the District Court's decision. The District Court specifically ruled that "state courts ... could not adjudicate an *equitable* interest in a native allotment in a state quiet title, ejectment or abuse of process action." *Id.* at 73 (emphasis added).

The Magistrate did not believe that the reasoning in *Agli* prevented a remand in this case. The Magistrate distinguished *Agli*, saying that the *Agli* court based its decision on its preliminary conclusion that the State of Alaska's action was actually an attempt to litigate the validity of Agli's claim to a native allotment. However, there are no facts in the decision to show that the circumstances of that case were substantially different from the circumstances of this case. Furthermore, the rule for federal jurisdiction should be the same whether or not the plaintiff knows in advance that the defendant will raise a claim of an allotment as a defense. If this court follows the reasoning of the Magistrate and holds that *Agli* stands for the proposition that the federal courts have exclusive jurisdiction if the plaintiff really intended to litigate the issue of the claim to an allotment, but the state courts retain jurisdiction if that was not the plaintiff's intent, the federal courts are put in a difficult position of trying to look inside a plaintiff's mind to figure out what the plaintiff knew and intended when he brought the suit in state court. The better rule is that a defendant who claims an allotment as a defense against a quiet title, trespass or ejectment action must seek the issuance of the allotment by joining the United States as a third-party defendant. Joinder of the United States allows all allotment issues to be decided in a single proceeding and brings the action within the parameters of § 345, which grants exclusive jurisdiction to the federal courts.

The defendants in this case ask this court to overturn the Magistrate's order and hold that § 345 gives the Federal courts exclusive jurisdiction because the defendants have raised a potential claim to an Indian Allotment as a defense. They argue that here, as in *Agli*, the real issue is a claimed entitlement to an allotment. The court disagrees. As the U.S. Supreme Court stated in *United States v. Mottaz*, § 345 grants exclusive federal jurisdiction only over suits involving an allotment which has already been acquired and suits seeking an allotment from the United States. 476 U.S. at 844–45, 106 S.Ct. at 2231, 90 L.Ed.2d at 853. To the extent that *Agli* and *Patterson v. Four Rent* hold to the contrary, the court rejects the reasoning of those cases.

The defendants' request for reconsideration of the Magistrate's order is DENIED.

IT IS SO ORDERED.