WAYNE SNOOKS, Petitioner, *v.* THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for The County of Douglas, and THE HONORABLE MICHAEL P. GIBBONS, District Judge, Respondents, and JAMES J. BASSETTO, TOMMY E. JOYNER, and WENDY JOYNER, Real Parties in Interest.

No. 27761

June 24, 1996

919 P.2d 1064

*Terzich & Jackson,* Gardnerville, for Petitioner.

*Kilpatrick, Johnson & Adler,* Carson City; *Erickson, Thorpe & Swainston,* Reno; and *Aebi & McCarthy,* Carson City, for Real Parties in Interest.

# OPINION

*Per Curiam:*

This is an original petition, properly verified, for a writ of prohibition to preclude the Ninth Judicial District Court from proceeding with the underlying litigation filed in state court against petitioner, Wayne Snooks. On December 21, 1995, this court ordered real parties in interest, James J. Bassetto, Tommy E. Joyner and Wendy Joyner, to file an answer to the petition. The real parties in interest filed their answer on January 9, 1996.

## FACTS

Snooks is a defendant in the underlying action which is pending in the Ninth Judicial District Court, Bassetto v. Joyner, Case No. 94-CV-0132. Bassetto is the plaintiff; the Joyners are defendants and cross-plaintiffs against Snooks.

In June of 1992, Bassetto worked for Amerigas and was delivering an order of propane to Unit #9 of the Bodie Flats Mobile Home Park. He fell through some boards covering up a large hole on the property and sustained personal injuries. The Joyners lived in Unit #9 as tenants of Snooks, the owner of the mobile home park situated on the reservation. Bassetto sued both the Joyners and Snooks. The Joyners answered and cross-claimed against Snooks for contribution, indemnity and breach of contract.

Snooks answered the complaint and the cross-complaint, and moved to dismiss, asserting that pursuant to federal law, the state courts of Nevada lack jurisdiction over civil claims arising on Indian land against Indians. The district court denied Snooks' motion to dismiss, adopting the position asserted by Bassetto and the Joyners in opposition. The court held that it was free to exercise jurisdiction over the action because the action was "personal" as against a private individual and therefore would not infringe upon tribal rights of self-government.

## DISCUSSION

I. *Whether the state district court has jurisdiction over the underlying actions pending against petitioner*

Pursuant to Nevada law and well-established principles of federal Indian law and the doctrine of Indian sovereignty, the Nevada state court has no jurisdiction to entertain a civil action

filed by a non-Indian against an Indian for events which occurred on Indian land or in Indian country.[1] Real parties in interest argue that the underlying action is "personal" to Snooks, has no impact on tribal rights and operations, and consequently, the state court is free to exercise jurisdiction over all the parties. We conclude that Snooks is correct and that the petition should be granted.

NRS 41.430 is the applicable Nevada rule of law in this case:

1. Pursuant to the provisions of section 7, chapter 505, Public Law 280 of the 83d Congress, approved August 15, 1953, and being 67 Stat. 588, and sections 401 to 403, inclusive, of Title IV, Public Law 284 of the 90th Congress, approved April 11, 1968, and being 82 Stat. 78, et seq., the State of Nevada does hereby assume jurisdiction over public offenses committed by or against Indians in the areas of Indian country in Nevada, as well as jurisdiction over civil causes of action between Indians or to which Indians are parties which arise in the areas of Indian country in Nevada, subject only to the conditions of subsections 3 and 4 of this section.

. . . .

3. This section applies to all areas of Indian country within this state wherein the Indian tribe occupying any such area has consented to the continuation of state jurisdiction over such area in the manner provided in sections 6 to 14, inclusive, of chapter 601, Statutes of Nevada 1973, or has consented to the assumption of state jurisdiction over such area in the manner provided by section 406 of Title IV of Public Law 284 of the 90th Congress, approved April 11, 1968, and being 82 Stat. 80.

4. This section does not apply to any area of Indian country within this state wherein the Indian tribe occupying any such area has failed or refused to consent to the continu-

---

[1]The parties do not dispute that the land at issue is Indian land as defined by 18 U.S.C. § 1151 (1994):

[T]he term "Indian country," as used in this chapter, means (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same.

(While this definition is drafted for purposes of the criminal code, it is also used for civil jurisdiction. DeCoteau v. District County Court, 420 U.S. 425, 427 n.2 (1975).)

ation of state jurisdiction over such area in the manner provided in sections 6 to 14, inclusive, of chapter 601, Statutes of Nevada 1973; and the State of Nevada hereby recedes from and relinquishes jurisdiction over any such area.

Snooks is a registered member of the Washoe Tribe of Nevada and California. The Washoe Tribe of Nevada and California has not consented to Nevada state jurisdiction as required by NRS 41.430.[2] Consequently, the state district court of Nevada has no jurisdiction to hear the underlying civil action against petitioner.

Although this court has never specifically addressed the precise issue presented here, this court has recognized limits of state court civil jurisdiction over Indians in several other contexts. *See,, e.g.,* Patterson v. Four Rent, Inc., 101 Nev. 651, 707 P.2d 1147 (1985) (Nevada state courts have no subject matter jurisdiction over Indian claims to allotments); Voorhees v. Spencer, 89 Nev. 1, 6, 504 P.2d 1321, 1323-24 (1973) (the state court may exercise jurisdiction over Indian property which is located *off* the reservation).

In addition to Nevada statutory law, federal law has long recognized the rights of tribes to exercise exclusive jurisdiction over civil actions against Indians arising on Indian land. *See* Williams v. Lee, 358 U.S. 217, 220 (1959) (confirming that "the States have no power to regulate the affairs of Indians on a reservation"). Thus, barring a specific act of Congress or federal treaty, or a tribe's express consent to jurisdiction, a state may not assert jurisdiction over a civil action by a non-Indian against an Indian arising out of events occurring in Indian country.[3]

---

[2]Sections 6 to 14 of chapter 601 of the Statutes of Nevada 1973 set forth the procedures for each tribe to vote on its consent to state jurisdiction. Section 6 provides, in pertinent part, as follows:

> [T]he Indian affairs commission shall cause a referendum election to be conducted in each such area of Indian country in this state over which the State of Nevada has jurisdiction on a date designated by it, which shall be no later than June 4, 1974.

[3]*See also Felix Cohen's Handbook of Federal Indian Law* 349 (1982) ("Federal protection of tribal self-government precludes either criminal or civil jurisdiction of state courts over Indians or their property absent the consent of Congress. Civil cases where a non-Indian plaintiff seeks to sue an Indian or to attach or affect Indian property in Indian country are subject to this rule."). *Cf.* Margery H. Brown and Brenda C. Desmond, *Montana Tribal Courts: Influencing the Development of Contemporary Indian Law,* 52 Mont. L. Rev. 211, 265 (1991) (observing that " '[i]n contrast to the rule applicable to lawsuits brought by non-Indians against Indians in reservation-based claims, the rules applicable to reservation-based claims brought by Indians permit the filing of those claims in either state or tribal court' "), *quoted in* Wacondo v. Concha, 873 P.2d 276, 277 (N.M. Ct. App. 1994).

"The [Indian nations] . . . [are] distinct communit[ies], occupying [their] own territory . . . in which the laws of [the states] can have no force, and which the citizens of [the states] have no right to enter, but with the assent of the [Indian nations] themselves, or in conformity with treaties, and with the acts of Congress."

*Williams,* 358 U.S. at 219 (quoting *Worcester v. Georgia,* 31 U.S. (6 Pet.) 515, 560 (1832); *see also Kennerly v. District Court of Montana,* 400 U.S. 423, 429 (1971) (holding that pursuant to amended Public Law 280, a tribe must consent to state court civil jurisdiction over actions arising against member Indians in Indian country).

As noted by real parties in interest, where there is no express federal preemption, the state court must inquire into whether its exercise of jurisdiction will infringe upon tribal sovereignty before it may proceed to entertain an action. However, as established in *Williams,* the exercise of jurisdiction in the context of civil actions against Indians arising on Indian land is an impermissible intrusion onto tribal rights. *Williams,* 358 U.S. at 223; *see also American Indian Law Deskbook,* 118, 138-39 (Nicholas J. Spaeth et al. eds. 1993).

Furthermore, it is undisputed that the Washoe Tribe has enacted a broad regulatory scheme in which the Tribe has expressly reserved jurisdiction over civil actions against its members arising on its lands. Washoe Tribe of Nevada and California Law and Order Code. Tribal jurisdiction extends to all tribally held lands as defined in the Tribe's Constitution. In addition, the Tribal Court has reserved to itself subject matter jurisdiction over all civil causes of action, and personal jurisdiction over any person served within the territorial jurisdiction of the Tribe.

Furthermore, it is undisputed that the Law and Order Code also explicitly recognizes causes of action for the types of claims asserted against Snooks. Thus, Bassetto's causes of action are recognized and anticipated by the Washoe Tribe and by the Washoe Tribal Court.

It is clear that the existence of tribal legislation in an area will exclude the state even if the tribal legislation differs greatly from the state's, or offers no remedy. . . . A tribe's legislative jurisdiction over its own people and within its own territory must include the right not to legislate at all in an area, if self-government is to be meaningful.

*Felix Cohen's Handbook of Federal Indian Law* 351 (1982) (citing Littell v. Nakai, 344 F.2d 486 (9th Cir. 1965), *cert. denied,* 382 U.S. 986 (1966), Schantz v. White Lightning, 502 F.2d 67 (8th Cir. 1974) (holding that federal court has neither federal question nor diversity jurisdiction over civil action by non-Indian

against Indian for events occurring on the reservation) and Enriquez v. Superior Court, 565 P.2d 522, 523 (Ariz. Ct. App. 1977) (holding that "assumption of jurisdiction by the state court would infringe upon the right of reservation Indians to make their own laws and be governed by them")).

For the state court to assert its jurisdiction to resolve a dispute over which the Washoe Tribe has clearly reserved jurisdiction to itself would impermissibly interfere with tribal rights of self-government. *Williams* 358 U.S. at 223; *see also* R.J. Williams Co. v. Fort Belknap Housing Auth., 719 F.2d 979, 983-84 (9th Cir. 1983), *cert. denied,* 472 U.S. 1016 (1985); Milbank Mut. Ins. Co. v. Eagleman, 705 P.2d 1117, 1119-20 (Mont. 1985). The Ninth Judicial District Court lacks jurisdiction to entertain the actions by Bassetto and the Joyners against Snooks.

A writ of prohibition may issue to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the jurisdiction of the court. NRS 34.320. Accordingly, we grant Snooks' petition. The clerk of this court shall issue a writ of prohibition prohibiting the district court from exercising jurisdiction over the civil proceedings pending against Snooks.